CAROLYN BATEMAN *vs.* FLORENCE M. WOOD, administratrix.

GEORGE H. BATEMAN *vs.* SAME.

Middlesex.     November 6, 1936. — June 28, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Parties, Writ, Service of process, Appearance. *Executor and Administrator,* Proceedings commenced after death of decedent.

A writ drawn against one then dead was a nullity though served upon the administrator of his estate, and was not made good by a general appearance and answer by counsel in the name of the decedent, nor did the administrator become a party to the action by a later amendment of the writ substituting him as defendant, if he was not served with process as such after the amendment and did not appear voluntarily to defend the action; procedure under G. L. (Ter. Ed.) c. 228, §§ 4, 5, was not applicable.

TWO ACTIONS OF TORT. Writs in the Superior Court dated September 5, 1933.

The defendant's pleas in abatement were sustained by order of *Williams,* J. The plaintiffs alleged exceptions.

*S. H. Davis,* for the plaintiffs.

*E. J. Sullivan,* for the defendant.

RUGG, C.J. The one of these actions of tort by the female plaintiff (hereafter called the plaintiff) is brought to recover compensation for personal injuries received by her in an automobile accident, and the other by her husband is brought to recover consequential damages. The cases come before us on a consolidated bill of exceptions to a ruling of the trial judge sustaining in each case the plea in abatement of the defendant. The facts material to the issues raised are these: The causes of action arose out of a collision which occurred on October 21, 1932, between an automobile truck owned and alleged to have been negligently operated by David M. Wood on a public highway and an automobile in which the plaintiff was a passenger. David M. Wood died intestate on May 17, 1933. The defendant, Florence M. Wood, was appointed administratrix of his

estate on June 28, 1933, and gave notice of her appointment as then required by law. The writs were dated September 5, 1933, and the intestate, although at that time dead, was named as defendant. The return of the officer upon the writs stated that he had summoned Florence M. Wood, administratrix of the estate of David M. Wood, to appear and answer "by giving a summons of this writ to her in hand." The summonses served upon the defendant were sent to the insurer of the automobile belonging to the intestate and counsel provided by that insurer appeared generally and on October 17, 1933, answered in the actions in behalf of David M. Wood in ignorance of the fact that he was dead. Motions to substitute the administratrix of the estate of the intestate as defendant were filed by the plaintiffs on September 13, 1935, and were allowed on September 27, 1935. Since the allowance of those motions, no citations have been taken out requiring the defendant as such administratrix to appear and defend the actions. The time within which such citation may be taken out has expired under G. L. (Ter. Ed.) c. 228, § 5. On November 21, 1935, the counsel who had purported to appear generally for the intestate appeared specially for the administratrix and filed a plea in abatement of the writ in each action, setting forth in substance the facts heretofore recited. The plaintiff in each case excepted to an order sustaining the plea in abatement.

The provisions of G. L. (Ter. Ed.) c. 228, §§ 4 and 5, have no application to the facts here disclosed. Those provisions are restricted to cases where a party dies after the commencement of an action. In such cases, the executor or administrator of a deceased party may be required to come in by a citation issuing from the court, unless he appears voluntarily. *Colt* v. *Learned*, 133 Mass. 409, 411. Such citation cannot issue after the expiration of one year from the time such executor or administrator has given bond, if he has given notice as required by law. See now St. 1933, c. 221, § 7, amending G. L. (Ter. Ed.) c. 228, § 5. This rule prevails even though the opposing party has no knowledge of the death until after the statutory period has run. *E. S.*

*Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 111. It was agreed that all allegations of fact and all references to matters of record set out in the pleas were true.

Where, as in the cases at bar, a party dies before any action has been commenced and the action is one which survives, the action should properly be commenced by or against the executor or administrator of the decedent. G. L. (Ter. Ed.) c. 230, § 1.

The precise question to be decided is whether actions against Florence M. Wood as administratrix, the present defendant, were commenced by the service on her of writs in which David M. Wood, her intestate, was named as defendant. The writ is the foundation of an action at law. Resort must be had to the writ to ascertain the parties. It and it alone describes the defendant. *Eaton* v. *Walker,* 244 Mass. 23, 30. *Tyler* v. *Boot & Shoe Workers Union,* 285 Mass. 54, 55.

The person named in these writs as defendant was dead. No such person existed. The actions were in truth against nobody. *Sawyer & Manning* v. *New York State Clothing Co.* 58 Vt. 588. *Hayhurst* v. *J. Kenny Transfer Co.* 110 W. Va. 395. *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277, 278. Where a person intended to be sued is simply misdescribed in the writ, his remedy is by plea in abatement. *Fitzgerald* v. *Salentine,* 10 Met. 436, 437, 438. *Trull* v. *Howland,* 10 Cush. 109, 113. *Langmaid* v. *Puffer,* 7 Gray, 378, 380, 381. *Morrison County Lumber Co.* v. *Duclos,* 131 Minn. 173. If, at the commencement of the action, it is intended that one person be sued and that person is named as defendant, service on a different person not acting for the person named in the process confers no jurisdiction over the person named in the process, *Luce* v. *Columbia River Packers Association,* 286 Mass. 343, 344, or over the person actually served. *Neal-Millard Co.* v. *Owens,* 115 Ga. 959, 960.

In the cases at bar it is plain that the plaintiffs intended to commence their actions against the intestate, not knowing of his death. In those circumstances, service of process directed to one who is deceased, if made on a personal rep-

resentative of the deceased, confers no jurisdiction over such representative.

A party may lose the right to object to lack of proper service of process by general appearance or by pleading to the merits. *Seagrave* v. *Erickson,* 11 Cush. 89, 90. *Dindio* v. *Meshaka,* 275 Mass. 112, 114. There is no evidence of such appearance or pleading on behalf of the present defendant. The undisputed facts are that attorneys provided by the insurer of the automobile of the deceased, in ignorance of his death, appeared and answered in his behalf. There is nothing in the record to support the inference that those attorneys even purported to appear for the present defendant in her capacity as administratrix. The caption of the answer, filed on October 17, 1933, to the action of the female plaintiff contains the name of David M. Wood as defendant and the name of no other person as defendant, but is signed "By her attorneys." The caption of the answer to the action of her husband, George H. Bateman, is the same and is signed "By his attorneys." The circumstances in the cases at bar do not support the conclusion that the attorneys meant to appear generally in behalf of the defendant. An unauthorized appearance by attorneys could confer no jurisdiction over the defendant. *Hanzes* v. *Flavio,* 234 Mass. 320, 327.

The allowance of the amendments, on motions of the plaintiffs, substituting the present defendant for the deceased person named in the writs did not make her a party to the actions. A new party not previously served with process in an action may not be brought in by amendment without service of process or a voluntary appearance. *Phillips* v. *Director General of Railroads,* 251 Mass. 263, 266. *New England Oil Refining Co.* v. *Canada Mexico Oil Co. Ltd.* 274 Mass. 191, 198. *Johnson* v. *Carroll,* 272 Mass. 134, 137.

The conclusion is that these cases present a situation where there was not a mere misdescription of the person intended to be sued as defendant, but a complete failure to name any person as defendant. There was no adequate service upon the present defendant, since she was not named as defendant at the time the writs were served and was not

acting for the one named as defendant. While she might have been sued as defendant, no steps were taken to that end. After the writs were amended by naming her as defendant, no process issued against her or was served on her. She did not waive any of these defects by voluntary appearance in the actions.

In each case the entry may be

*Exceptions overruled.*