# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

MARGARET B. CHANDLER *vs.* CASSIE DUNLOP,
administratrix.

Suffolk.    November 5, 1941. — February 24, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* Commencement of action, Amendment, Death of party,
Appearance, Writ, Service of process.    *Executor and Administrator,*
Proceedings commenced after death of decedent.

The drawing of a writ against a person then dead, purported service
thereof at "his last and usual place of abode," and an appearance and
answer purporting to be in his behalf were a nullity.

An action was barred by the short statute of limitations, G. L. (Ter. Ed.)
c. 197, § 9, as amended, where a writ naming a dead person as de-
fendant was dated and purported to be served at "his last and usual
place of abode" within one year after the administrator of his estate
qualified, and, after the expiration of such year, amendments were
allowed substituting the administrator as defendant in place of the
decedent and process was issued against and served upon the adminis-
trator.

TORT.    Writ in the Municipal Court of the Dorchester
District of the City of Boston dated April 6, 1939.

Upon removal to the Superior Court the action was
heard and reported to this court by *Fosdick*, J.

*H. L. Barrett*, for the plaintiff.

*R. J. Dunn & J. J. Kerwin*, for the defendant, submitted
a brief.

FIELD, C.J.   Margaret B. Chandler attempted, as plain-
tiff, to bring an action of tort in the Municipal Court of
the Dorchester District of Boston.   The writ named Harry
B. Dunlap as defendant.   It was dated April 6, 1939, and
returnable April 22, 1939.   The officer's return dated April
8, 1939, recites service at the "last and usual place of abode"
of said Dunlap.   The declaration alleged negligent opera-
tion of a motor vehicle by the defendant on or about May
9, 1938, resulting in injury to the plaintiff.   An answer
was filed in the Municipal Court purporting to be the
answer of the defendant by his attorney.   Subsequently a
motion purporting to be a motion of the defendant by his
attorney "for leave to withdraw his appearance and answer
and to file a plea in abatement late" was allowed in said
Municipal Court, and on the day on which the motion was
allowed a "plea in abatement" was filed purporting to be
by the defendant by his attorney, on the ground that "at
the time of the commencement of this action the defendant
was deceased, he having died September 4, 1938, approxi-
mately seven months before this action was commenced."
This "plea in abatement" was sustained in the Municipal
Court on January 15, 1940, and on the same date a motion
of the plaintiff was allowed in the Municipal Court that
"said action" be amended "by striking out the name
'Harry B. Dunlap' wherever the same appears in the writ
and declaration and substituting in lieu thereof as a de-
fendant 'Cassie Dunlop of Boston, Suffolk County, Massa-
chusetts, as she is administratrix of the estate of Harry
Bickford Dunlop, also known as Harry B. Dunlap,'" and
that "suitable process be ordered to issue from this court
for service upon said Cassie Dunlop as administratrix as
aforesaid."   By a later amendment said Cassie Dunlop was
described as "of the Dorchester District in Boston."   Process
was issued and served upon said Cassie Dunlop in hand.
Thereafter, on March 23, 1940, the case was entered in the
Superior Court.

In the Superior Court, said Cassie Dunlop by her attor-
ney — who had previously purported to appear for Harry
B. Dunlap — filed a so called "motion to dismiss" and a

so called "plea in abatement" in substantially identical terms, seeking respectively that the plaintiff's writ be dismissed or that it be abated, based on the allegations that "her intestate died September 4, 1938, and that on September 22, 1938, she was appointed administratrix of the estate of the said intestate, and gave notice of her appointment as required by law and as ordered by the Probate Court; that she gave bond on September 28, 1938, and this bond was approved on September 29, 1938; that the plaintiff's alleged cause of action arose on May 9, 1938, as a result of a collision between an automobile owned and operated by the said intestate and an automobile in which the plaintiff was riding; that thereafter the plaintiff brought suit against the said intestate by a writ dated April 6, 1939, which was returnable in the Municipal Court of the Dorchester District on April 22, 1939; that the said writ was served by leaving at the last and usual place of abode of the intestate, namely, 201 East Cottage Street, Dorchester; that the said intestate was dead at the time; that the summons left at the last and usual place of abode was sent to the insurer of the automobile belonging to the intestate; that counsel provided by said insurer appeared and answered in said action on behalf of the intestate, in ignorance of the fact that he was at said time dead; that on January 15, 1940, a motion to substitute the defendant as administratrix of said estate as defendant in the action filed by the plaintiff was allowed and that process was then issued and served upon the defendant in hand; that the time for the issuance of such process had elapsed and the plaintiff is barred from bringing suit against the defendant, by reason of General Laws (Ter. Ed.) Chapter 197, Section 9."

The "motion to dismiss" and the "plea in abatement" were heard by a judge of the Superior Court upon an agreement of the parties that "all allegations of fact and all references to matters of record (but not conclusions of law) set out in the motion and plea were true." The judge made various rulings of law, granted the "motion to dismiss," and, in effect, sustained the "plea in abatement,"

and, at the request of the plaintiff, reported the case to this court, "such order or judgment to be entered in the case as justice may require." G. L. (Ter. Ed.) c. 231, § 111.

Since the action that the plaintiff attempted to bring was an action "of tort arising out of the operation of a motor vehicle," the Superior Court had no original jurisdiction thereof. Exclusive jurisdiction of such actions is in the District Courts, of which the Municipal Court of the Dorchester District is one. G. L. (Ter. Ed.) c. 218, § 19, as amended by St. 1934, c. 387, § 1. Such a case could reach the Superior Court only by removal thereto under G. L. (Ter. Ed.) c. 231, § 102A, as appearing in St. 1938, c. 338, § 1, or under G. L. (Ter. Ed.) c. 231, § 104. See now St. 1941, c. 203. The record does not show how this action reached the Superior Court, but shows merely that it was entered there. Since on the facts appearing in the record it would have been possible for the action to have been so removed, and the Superior Court dealt with the action as if it had been properly removed to that court, we treat the case on that basis. When an action is so removed, it is to proceed in the Superior Court as though "originally entered there." G. L. (Ter. Ed.) c. 231, §§ 102A, 104. The jurisdiction of the Superior Court is as extensive as if the case had been first entered in that court. *Thayer* v. *Shorey*, 287 Mass. 76, 80.

Since the matter set up in the defendant's substantially identical pleadings, described differently, in the Superior Court, includes matter not apparent on the record, the case is not to be determined on the "motion to dismiss" (*Crosby* v. *Harrison*, 116 Mass. 114, 117; *Johnson* v. *Johnson*, 303 Mass. 204, 206), but must be determined on the "plea in abatement."

The matter set up in the "plea in abatement" is, in part, that the amendments to the writ and declaration were improperly allowed and, in part, the short statute of limitations. G. L. (Ter. Ed.) c. 197, § 9, as amended. See St. 1933, c. 221, § 4. Such amendments to a writ and a declaration can be allowed without the substituted defendant having notice and an opportunity to be heard. But such a

substituted defendant cannot be brought into court without process, and, upon being brought into court by process, he has "the right to contest the power of the court as matter of law to allow the amendments under the statute and proper practice." *Johnson* v. *Carroll,* 272 Mass. 134, 137. The administratrix, therefore, may raise the question of the power of the court to allow the amendments here involved. Furthermore, though the defence of the statute of limitations may properly be pleaded in bar to the action in an answer to the writ, it has been intimated that it may also be pleaded in abatement. *Means* v. *Leveroni,* 297 Mass. 61, 64. See also *Whiton* v. *Balch,* 203 Mass. 576; *White* v. *E. T. Slattery Co.* 236 Mass. 28, 30–31. Since, however, no question of pleading in the Superior Court has been raised by the plaintiff, without further discussion of matters of pleading, we deal with the "plea in abatement" as presenting the questions thereby sought to be raised, considered by the judge of the Superior Court and reported by him for our determination.

No action was brought at the date of the writ. The only person therein named as defendant was dead. Though the cause of action survived his death, obviously he could not be sued thereon after his death. The action was, in truth, brought against nobody, the purported service upon the person named in the writ as defendant at "his last and usual place of abode" was a nullity, and the appearance and answer in the Municipal Court purporting to be in his behalf by his attorney could not bring him into court as a defendant. *Bateman* v. *Wood,* 297 Mass. 483, 485. Such attorney could have had no authority to appear and answer for him, since, of course, such authority ended with his death. *Barnes* v. *Barnes,* 291 Mass. 383, 385. *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567, 570.

The action might have been brought against the administratrix of the person named in the writ as defendant. G. L. (Ter. Ed.) c. 230, § 1. *Bateman* v. *Wood,* 297 Mass. 483, 485. However, she was not so named, nor was she served. Whether the administratrix, though not named in the writ as defendant, by appearing generally or answering to the

merits would have lost the right to object to lack of proper service or to the maintenance of the action against her as defendant, need not be considered. She did not so appear or answer. The attorney "provided" by "the insurer of the automobile belonging to the intestate" "appeared and answered in said action on behalf of the intestate, in ignorance of the fact that he was . . . dead." This attorney, being ignorant of the fact of the intestate's death, could not have intended to appear and answer for the administratrix. Such appearance and answer could confer no jurisdiction over the administratrix, *Bateman* v. *Wood*, 297 Mass. 483, 486. Nor could the so called "defendant's motion for leave to withdraw" — a motion to withdraw his appearance and answer and to file a "plea in abatement" late — or the "plea in abatement," each purporting to be filed by the person named as defendant in the writ "By his Attorney," though, of course, unauthorized by him. These pleadings did not purport to be filed in behalf of the administratrix.

This action cannot be prosecuted against the administratrix unless by reason of the amendments to the writ and declaration naming the administratrix as defendant, the order for the service of process upon her, and such service "in hand." Since the person originally named as defendant had died before, on any view of the law, the action was commenced, G. L. (Ter. Ed.) c. 228, §§ 4 and 5, as amended, are inapplicable. The provisions of these statutes "are restricted to cases where a party dies after the commencement of an action." *Bateman* v. *Wood*, 297 Mass. 483, 484. *Bank of Brighton* v. *Russell*, 13 Allen, 221, cited by the plaintiff, was such a case under an earlier statute. Moreover, even if the action were to be regarded as commenced against the administratrix as defendant at the time of the amendments to the writ and declaration or thereafter, the action would be barred by the short statute of limitations. More than one year had elapsed from the time of her giving bond as administratrix. See G. L. (Ter. Ed.) c. 197, § 9, as amended. The plaintiff, therefore, must rely on the amendments to the writ and declaration as making the administratrix a party defendant to the action as if she had orig-

inally been named as defendant, and as of the time the action was commenced against the defendant originally named. See *Johnson* v. *Carroll*, 272 Mass. 134, 137.

The power of the court to permit amendments to "enable the plaintiff to sustain the action for the cause for which it was intended to be brought" (G. L. [Ter. Ed.] c. 231, § 51) extends to the substitution of a sole defendant for a sole defendant, and the "new party, brought in as a defendant, is precluded from contending that the statute of limitations is a bar, by the fact that a suit was seasonably brought upon the cause of action." *McLaughlin* v. *West End Street Railway*, 186 Mass. 150, 151. "When an amendment has been allowed without the taint of legal error it stands as if it had been inserted in the declaration [or writ] when originally filed." *Gallagher* v. *Wheeler*, 292 Mass. 547, 552, and cases cited.

The plaintiff's difficulty, however, is that no "suit was seasonably brought upon the cause of action." The burden of showing that the action was seasonably brought was on the plaintiff. *Rosenblatt* v. *Foley*, 252 Mass. 188, 191. The date of the original writ was within the period in which an action could have been brought against the administratrix. But, on the agreed facts, no action was commenced on the date of the original writ or at any later time within the statutory period for bringing such an action. Prima facie, an action at law is commenced at the date of the writ. However, an "action at law by which the statute of limitations is tolled, although deemed prima facie to have been commenced on the date of the writ, must be served under the law within a comparatively brief time. It is not enough that a writ be filled out and filed in court. That would not be the commencement of an action at law." *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 12. See also *Rosenblatt* v. *Foley*, 252 Mass. 188, 190, 191. "Merely filling out a writ, without attempt at service on the defendant, is not the commencement of an action." *Parker* v. *Rich*, 297 Mass. 111, 114. And the writ must have been "made out with an unconditional intent to have it served in due course," if the date thereof is to be regarded

as the commencement of the action. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353, 354.

The plaintiff in the present case, in effect, did nothing more than fill out the writ in the name of a dead man as defendant and file it in court. As we have said already, the writ as against the person named therein as defendant was a nullity as was the attempt at service thereof. No action was thereby commenced against the defendant named therein. And even if — as we do not intimate — the writ could be regarded as a writ against the administratrix, under an erroneous description, as the person intended to be sued, the writ was never served upon her, nor was there any attempt to serve it upon her. (If the administratrix was not the person intended to be sued, even service upon her would not have given the court jurisdiction over her. *Bateman* v. *Wood*, 297 Mass. 483, 485.) No action, therefore, was commenced against the administratrix, prior to the amendments of the writ and declaration, as of the date of the writ or as of any date within the year following her giving bond as administratrix. Finally, no action was ever commenced against any other defendant.

Even if the allowance of the amendments by the Municipal Court imports a finding that the plaintiff intended to bring the action against the administratrix, and, unlike *Bateman* v. *Wood*, 297 Mass. 483, 485–486, that finding is not overcome by anything appearing in the record (see *Johnson* v. *Carroll*, 272 Mass. 134, 137), that finding does not aid the plaintiff. Even if she intended to bring the action against the administratrix, prior to the allowance of the amendments she had not actually brought any action against anybody. It may well be that there was nothing to amend when the amendments were allowed, since no action had previously been commenced by her. See *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277, 279. In any event, however, no action was commenced seasonably against the administratrix unless the amendment of the writ related back to the date of the writ and the subsequent service of process on the administratrix was, in effect, service of the original writ resulting in the commencement of an action against

the administratrix as of its date. Prima facie the date of the writ was the commencement of an action against the defendant named therein, and, since he was dead at the time, no action could have been commenced thereby against him and the writ was a nullity as against him. The date of the writ, however, was not prima facie the commencement of an action against the administratrix, who was not named therein as defendant. And even if the plaintiff intended to bring the action against the administratrix as defendant, it does not appear affirmatively that, at the time she made out the writ or at the time she delivered it to an officer for service, she intended that it should be served upon the administratrix. On the contrary, the form of the writ indicates that she had no such intention. In the absence of such an intention, the date of the writ was not the commencement of an action against her, and a subsequent amendment of the writ, followed by service of process upon her, could not relate back to the date of the writ so as to effect a retroactive commencement of the action as against her as of that date. See *Rosenblatt* v. *Foley,* 252 Mass. 188, 190–191; *B. M. C. Durfee Trust Co.* v. *Turner,* 299 Mass. 276, 278–279. Compare *Westminster National Bank* v. *Graustein,* 270 Mass. 565.

The cases relied on by the plaintiff for the proposition that a new defendant may be added by amendment as of the date of the writ were cases, unlike the present case, where an action had previously been commenced against somebody. See *McLaughlin* v. *West End Street Railway,* 186 Mass. 150 (original papers); *Genga* v. *Director General of Railroads,* 243 Mass. 101, 103; *Weiss* v. *Director General of Railroads,* 250 Mass. 12, 13, 15; *Johnson* v. *Carroll,* 272 Mass. 134. See also *Adams* v. *Weeks,* 174 Mass. 45 (original papers). These cases do not stand for the proposition that an action not previously commenced against anybody can, by amendment, be revived against a new defendant as of the date of a writ originally made out and entered in court in the circumstances of the present case.

The decision adverse to the plaintiff in the case of *Bateman* v. *Wood,* 297 Mass. 483, where the facts were some-

what similar to the facts in the present case, rested, in part, on the ground that, after the amendment, no process was issued against the substituted defendant or served upon her. Pages 486–487. The plaintiff seeks to distinguish the present case for the reason that here such process was issued and served. But the *Bateman* case did not rest on that ground alone, and is not an authority for the proposition that, if process had been issued and served after the amendment, the action could have been maintained. The conclusion here reached, though based, in part, upon a different ground from that upon which the *Bateman* case was decided, is not in conflict therewith.

It follows, therefore, that this action was not commenced within the time fixed by the short statute of limitations, G. L. (Ter. Ed.) c. 197, § 9, as amended, and the "plea in abatement" raising that question was sustained rightly. It is unnecessary to discuss the rulings of the trial judge. Since the short statute of limitations constituted a bar to the action, though the question relating thereto was raised by a "plea in abatement," there must be judgment for the defendant. See *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31.

*Judgment for the defendant.*