MYRTLE HARRIGAN *vs.* THOMAS MARVELL, executor.

Bristol.    October 24, 1949. — January 4, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Equity Jurisdiction,* Ordering personal representative to defend action. *Executor and Administrator,* Proceedings previously commenced against decedent. *Practice, Civil,* Death of party. *Equity Pleading and Practice,* Judicial discretion, Decree. *Words,* "Culpable neglect."

A decree for the plaintiff properly was entered in a suit in equity under G. L. (Ter. Ed.) c. 228, § 5, as appearing in St. 1937, c. 406, § 1, to require the executor of the will of a physician who had been a defendant in a personal action of tort for malpractice to appear in and defend that action where it appeared that the plaintiff was ignorant of the death of the original defendant for about eighteen months after the executor had filed his bond as such and that the executor had failed "within nine months of his appointment . . . to notify" the plaintiff of such death, and the judge, on conflicting contentions based on evidence respecting delays of the respective parties to prosecute a trial of the original claim and as to the progress of the administration of the decedent's estate, warrantably found in the exercise of sound judicial discretion that justice and equity required that the executor be ordered to appear and defend and that the plaintiff was not guilty of culpable neglect.

In view of the provisions in the last sentence of G. L. (Ter. Ed.) c. 228, § 5, as appearing in St. 1937, c. 406, § 1, a decree in a suit in equity thereunder against an executor ordering him to appear in and defend an action previously commenced against his testator need not include a provision that only such assets remaining in the estate as the Probate Court may determine shall be applied in satisfaction of any execution issued in the action.

BILL IN EQUITY, filed in the Superior Court on January 28, 1948.

The suit was heard by *Cahill,* J.

*J. A. Perkins,* for the defendant.

*L. J. O'Malley,* for the plaintiff, submitted a brief.

Harrigan *v.* Marvell.

RONAN, J. This is an appeal from a final decree entered upon a bill in equity brought under G. L. (Ter. Ed.) c. 228, § 5, as appearing in St. 1937, c. 406, § 1, ordering the executor to appear and defend a pending action of tort which had been commenced against his testator during his lifetime. The judge made findings of fact and the evidence is reported.

Some of the facts are undisputed and others we find for ourselves. The plaintiff on September 22, 1942, commenced an action of tort to recover damages for alleged malpractice by the original defendant, a physician, who died testate on June 12, 1945. His executor was appointed and gave bond for the performance of his trust on July 6, 1945. The attorney who had appeared for the defendant filed a suggestion of death on April 13, 1946, but he did not notify the plaintiff or her counsel of the defendant's death and he never furnished either of them with a copy of the suggestion of death. The plaintiff's counsel first learned of the death on April 3, 1947.

The judge found that justice and equity required that the executor should be ordered to appear and defend the action of tort and that the plaintiff was not guilty of culpable neglect. The correctness of both of these findings is challenged by the present defendant.

Prior to the amendment of § 5 of G. L. (Ter. Ed.) c. 228 by St. 1937, c. 406, § 1, no citation could issue under § 4 or under § 5 of that chapter after more than a year had elapsed since the giving of bond by the personal representative of the deceased defendant, and the fact that the plaintiff had failed to discover the death of the decedent within the year did not affect this statutory limitation. *Finance Corp. of New England* v. *Parker*, 251 Mass. 372. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108. A plaintiff, having a claim in tort which survived the death of the alleged wrongdoer, was a creditor under G. L. (Ter. Ed.) c. 197, § 9, as amended; *Brotkin* v. *Feinberg*, 265 Mass. 295; *Bickford* v. *Furber*, 271 Mass. 94, 98; *Union Market National Bank* v. *Gardiner*, 276 Mass. 490, 494; *Gordon* v. *Shea*,

300 Mass. 95, and could, if no action had been commenced against the decedent in his lifetime or against his executor or administrator within the said one year period, *Worcester County National Bank* v. *Stiles,* 292 Mass. 453; *Gray* v. *Dahl,* 297 Mass. 260, file a bill in equity in this court under G. L. (Ter. Ed.) c. 197, § 10, or by virtue of G. L. (Ter. Ed.) c. 213, §§ 1A, 1B, inserted by St. 1939, c. 257, § 1, in the Superior Court, *Monaghan* v. *Monaghan,* 323 Mass. 96, 97; *First Portland National Bank* v. *Taylor,* 323 Mass. 492, 493, to recover a judgment by showing that justice and equity required such a judgment and that he had not been guilty of culpable neglect in not commencing his action within the time prescribed by § 9. In proceedings under § 10 the creditor could not escape being charged with culpable neglect by showing merely that he was ignorant of the death of the decedent, which commonly was the only fact upon which he could base his claim to avoid being so charged. *Waltham Bank* v. *Wright,* 8 Allen, 121. *Estabrook* v. *Moulton,* 223 Mass. 359. *Thompson* v. *Owen,* 249 Mass. 229. *Haven* v. *Smith,* 250 Mass. 546. *Nichols* v. *Pope,* 287 Mass. 244. The result was that a party plaintiff, urging merely that he was ignorant of the death of the decedent, was barred from relief against an estate, and indirectly against an insurance company, which frequently was the real party in interest.

It must be assumed that the Legislature was familiar with the existing law and the decisions of this court relative thereto and sought by the amendment to G. L. (Ter. Ed.) c. 228, § 5, by St. 1937, c. 406, § 1, to eliminate some of the hardships plaintiffs encountered by reason of their failure to learn seasonably of the death of a defendant. *Gar Wood Industries, Inc.* v. *Colonial Homes, Inc.* 305 Mass. 41. *New England Novelty Co. Inc.* v. *Sandberg,* 315 Mass. 739. *Meunier's Case,* 319 Mass. 421. Section 5, as amended, in so far as material, provides that a citation "shall not issue after the expiration of one year from the time such executor or administrator has given bond, except that if the supreme judicial court, upon a bill in equity filed by a plaintiff or

former plaintiff in a personal action the cause of which survives and who had a right to take out such a citation against the executor or administrator of a sole defendant but who did not do so within the time limited in this section, deems that justice and equity require it and that such party is not chargeable with culpable neglect in not taking out such citation within the time so limited, it may order such executor or administrator to appear in that action and defend the same . . . . If at the hearing of such a bill in equity it shall be made to appear to said court that the legal representative of the deceased person within nine months of his appointment failed to notify in writing the petitioner of such death and failed within said nine months duly to suggest such death in such action, such facts may be sufficient ground for granting the relief herein authorized."

This statute does not stop with merely providing in general for the late issuance of a summons to the personal representative of a deceased defendant to appear and defend the action where justice and equity require such an order and where the plaintiff has not been guilty of culpable neglect. It does not define justice and equity or culpable neglect. It does not state that one shall not be deemed guilty of culpable neglect if written notice of the death of the defendant is not furnished to the plaintiff or his counsel and a suggestion of death is not filed within the prescribed period. The conduct of the plaintiff in not acting within the year from the appointment of the personal representative is to be considered, but it is the conduct of the personal representative to which the statute is directed to a great extent, since failure to give notice and to file the suggestion within "nine months of his appointment" "may be sufficient ground for granting the relief herein authorized." This provision must be construed with the rest of the statute. It is to be assumed that relief will be withheld if the plaintiff's action is plainly lacking in merit or if the granting of relief would result in substantial injustice or manifest inequity.

The judge was not plainly wrong in finding that justice

and equity required the granting of relief. He could draw the inference that the plaintiff and her attorney were acting in good faith in seeking the issuance of the citation in order to prosecute an action which they believed had merit. The trial judge heard and considered the various contentions made by the executor: that almost all of the assets of the estate had been distributed before this bill was filed; that the executor would be required to assume the expenses resulting from defending the action; that the plaintiff has been dilatory in securing a trial; and that the executor by reason of death of the original defendant and the inability to ascertain the present residences of various witnesses has been prejudiced by the delay. While there seems to have been a delay in the trial of the action, the delay was not entirely attributable to the plaintiff, for the original defendant could have marked the case for trial during his lifetime, and so could the executor within the year after his appointment. At least, the executor could have appeared, G. L. (Ter. Ed.) c. 228, § 4, or he could have seasonably notified the plaintiff of the death of the original defendant and so expedited the trial of the action had he so desired. The plaintiff is now seeking a trial. The judge could properly infer from the entire testimony that the action was one which warranted a trial. He could consider all these various matters on the issue as to whether justice and equity required relief; and where, as here, there was a failure to give notice and seasonably to file a suggestion of death, the judge in his discretion could properly reach the conclusion that justice and equity required the granting of relief in accordance with the statute.

The words "culpable neglect" as they appear in this statute were apparently taken from G. L. (Ter. Ed.) c. 197, § 10, *Mulligan* v. *Hilton*, 305 Mass. 5, 7; but they are not to be so rigidly construed and applied as they were in that statute, and the failure to discover the death of a defendant within the one year period is no longer as matter of law a bar to the plaintiff. Those words are qualified, and the judge may find that a plaintiff is not guilty of culpable

neglect where, as here, the executor has done nothing in the way of notifying the plaintiff of the death of the original defendant. In such case, the statutory conditions, that "justice and equity require it" and that the plaintiff is "not chargeable with culpable neglect," may both be deemed to be complied with unless the judge in his discretion decides otherwise. Of course, the judge could not act arbitrarily or capriciously in ordering the executor to undertake the defence of the action of tort, but he was bound to exercise sound judicial discretion as that term has been commonly understood and often defined in our decisions. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. *Long* v. *George*, 296 Mass. 574, 578, 579. *Bartley* v. *Phillips*, 317 Mass. 35, 42. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 60, 61.

This being an appeal in equity, questions of law, fact and discretion are open. We determine for ourselves whether there has been any abuse of discretion, allowing appropriate weight to the opinion of the trial judge. *Boston* v. *Santosuosso*, 307 Mass. 302, 323, 353. *Coe* v. *Coe*, 313 Mass. 232, 235. *National Shawmut Bank* v. *Morey*, 320 Mass. 492, 498. *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 394. We are satisfied from an examination of the record that there was no wrongful exercise of discretion.

The executor finally contends that, as the evidence shows that nearly all of the assets had been distributed prior to the filing of this bill in equity, the decree ought to be modified; and he suggests that it should set forth the form of the execution which should be issued in the event the plaintiff prevails in the action at law and that only such assets remaining in the estate as the judge of the Probate Court may determine should be applied in satisfaction of the execution. We do not agree with this suggestion. The statute, G. L. (Ter. Ed.) c. 228, § 5, as amended, expressly provides that "Neither such relief nor the final determination of such action shall affect any payment or distribution not concerned with said action which was made before the filing of such bill in equity." The decree was subject to this statu-

tory limitation, and there is no necessity of reciting this provision in the decree itself, or any other provision with reference to any execution.         *Decree affirmed with costs.*