GEORGE B. JACKSON & another [1] *vs.* GEORGE J. AROOTH & others, administrators, & another [2].

Hampshire.   May 7, 1971. — June 24, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & BRAUCHER, JJ.

*Executor and Administrator,* Claim barred by short statute of limitations, Proceedings commenced after death of decedent. *Equity Jurisdiction,* Claim barred by short statute of limitations. *Estoppel. Practice, Civil,* Parties.

In a suit in equity under G. L. c. 197, § 10, against the administrators of the estate of the owner and operator of a motor vehicle and its insurer under a policy of compulsory liability insurance for damages sustained by the plaintiffs in a collision involving that vehicle, subsidiary findings by a master did not support his conclusion that the plaintiffs "were not guilty of culpable neglect" in not prosecuting their claims within the one year limitation prescribed by § 9, where it appeared that the administrators' bond was filed about three months after the decedent's death, that about seven months after the filing of the bond the writ in an action by the plaintiffs against the decedent was returned to the plaintiffs' counsel with a statement thereon by a sheriff that he had made a diligent search and could not find the defendant, and that no action was ever brought against the administrators, although the insurer withheld knowledge of the decedent's death from the plaintiffs and continued negotiations with their counsel until the year of limitation had expired [723–724]; nor did the master's subsidiary findings warrant a conclusion that misrepresentations or the pattern of dealing by the insurer estopped it from pleading the statute [724].

There was no merit in a contention that the liability for damages imposed on the insurer in a policy of compulsory motor vehicle insurance by G. L. c. 175, § 112, upon the occurrence of an accident involving the insured vehicle made the insurer the real party in interest with respect to the claims of persons injured in the accident and that therefore the short statute of limitations in G. L. c. 197, § 9, was inapplicable after the death of the insured operator of the vehicle and qualification of personal representatives of her estate. [724]

BILL IN EQUITY filed in the Superior Court on October 17, 1966.

The suit was heard by *Macaulay,* J. on a master's report.

*William H. Welch* for the plaintiffs.

*Mayo A. Darling* for the defendants.

[1] Colonial House, Inc.          [2] Utica Mutual Insurance Company.

TAURO, C.J.   This is a bill in equity brought under G. L. c. 197, § 10, against the estate of Mary A. George to recover for injuries sustained in an automobile accident.   The suit was brought after the expiration of the statutory period of limitation set forth in G. L. c. 197, § 9.   The case was referred to a master who found no culpable neglect by the plaintiffs in not seasonably prosecuting their claims within the statutory period of limitation.   He allowed damages to the plaintiffs.   The Superior Court judge concluded that the general finding that there was no culpable neglect was not supported by the master's subsidiary findings.   The plaintiffs appeal from an interlocutory decree denying the plaintiffs' motion to recommit and from a final decree dismissing the bill.

The evidence is summarized.   On January 28, 1964, a vehicle owned and operated by one Mary A. George collided with a vehicle operated by Jackson and owned by Colonial House, Inc.   The George vehicle was covered by a Massachusetts compulsory liability insurance policy issued by the Utica Mutual Insurance Company (Utica).   On March 17, 1964, counsel for the plaintiffs sent a letter to Utica stating that claims for both personal injuries and property damage were being made.   On February 6, 1965, Mary George died.   Her administrators were appointed and filed a bond on May 4, 1965.   On November 9, 1965, a further letter was addressed to Utica by the plaintiffs' counsel stating that he had "not heard from you since July 1" of that year, and that "the Statute of Limitations will be running soon."

By writ dated December 7, 1965, returnable February 7, 1966, suit was commenced against Mary A. George.   On December 17, 1965, the writ was returned to the plaintiffs' counsel by a deputy sheriff of Bristol County, stating that he had made a diligent search and could not find the defendant.   On December 28, 1965, the plaintiffs' counsel wrote Utica, enclosing copies of the writ and summons, and stating that the sheriff could not find the defendant Mary A.

George. On or before January 3, 1966, Utica had actual knowledge that Mary A. George was dead.

On February 7, 1966, the plaintiffs' writ and declaration were entered in court. No appearance or answer was filed and on April 18, 1966, the plaintiffs' counsel wrote Utica and apprised them of the possibility of a default. On May 3, 1966, the plaintiffs filed a petition, allowed on June 6, for an order of notice under G. L. c. 227, § 7, which was mailed to the address of Mary A. George and subsequently returned by the United States Post Office on June 16, 1966, marked "Deceased." This bill in equity was then brought against the administrators of Mrs. George's estate and the case was referred to a master. The master found that "the . . . [plaintiffs] seasonably prosecuted their actions at law with due diligence and were not guilty of culpable neglect," and allowed their claims to be revived. He assessed damages for the plaintiffs.

The trial judge sustained certain exceptions of the defendants to the master's report, ruled that the master's general findings were not supported by his subsidiary findings, and ordered that the general findings be struck from the report. An interlocutory decree confirming the report as modified was entered. A final decree was entered dismissing the plaintiffs' bill and the plaintiffs appealed. On this appeal all "questions of law, fact and discretion are open." *Harrigan* v. *Marvell,* 325 Mass. 185, 190.

We believe the trial judge was correct in ruling that the general findings of the master are not supported by his subsidiary findings. At the time the writ was returned unserved, on December 17, 1965, it should have been apparent that the status of the defendant Mary A. George demanded investigation. "The burden commonly rests upon the plaintiff in such cases to ascertain the fact of death and act seasonably to protect his rights." *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 111. *Thompson* v. *Owen,* 249 Mass. 229.

It is true that the insurance company withheld knowledge from the plaintiffs that Mary A. George was dead and con-

tinued to negotiate with their counsel until the statute of limitations had expired. However, we held in *Nichols* v. *Pope*, 287 Mass. 244, 247, that "In general, no obligation exists on the part of a debtor to remind his creditor that the statute of limitations will bar his action if something is not done to prevent [it]." "Statutes of limitations bind courts of equity as well as courts of law." *Low* v. *Bartlett*, 8 Allen, 259, 264, cited in *Leach* v. *Leach*, 238 Mass. 100, 104.

The master's subsidiary findings afford insufficient basis for concluding that there were misrepresentations made by the representatives of the insurance company, or that the pattern of dealing was fraudulent or was such that Utica is estopped from pleading the statute of limitations. The insurance company merely gave no information. Compare *McLearn* v. *Hill*, 276 Mass. 519; *Crane Co.* v. *Park Constr. Co. Inc.* 356 Mass. 13, 17. Cf. also *Gallant* v. *Federal Mut. Ins. Co.* 354 Mass. 146, 149. Although common decency and fair dealing might dictate a different course of action, the law is well settled that there was no legal obligation on the part of Utica as the insurer, or upon the legal representatives of the estate of Mary A. George, to advise the plaintiffs of her death or the status of the legal representatives of her estate. *Nichols* v. *Pope*, 287 Mass. 244. *Leach* v. *Leach*, 238 Mass. 100, 103, 104. *Haven* v. *Smith*, 250 Mass. 546, 549. *Finance Corp. of New England* v. *Parker*, 251 Mass. 372. *Bateman* v. *Wood*, 297 Mass. 483.

The plaintiffs argue that the insurer became liable for damages upon the occurrence of the accident, under G. L. c. 175, § 112, and therefore it was the real party in interest throughout, and that the rationale behind the short statute of limitations in G. L. c. 197, § 9, does not apply. There is no merit to this contention. See *Bateman* v. *Wood*, 297 Mass. 483. See also *Nichols* v. *Pope*, 287 Mass. 244.

*Mulligan* v. *Hilton*, 305 Mass. 5, and *Harrigan* v. *Marvell*, 325 Mass. 185, relied on by the plaintiffs have no application to the facts and the issues of the instant case.

*Interlocutory and final decrees affirmed.*