MARY J. BABBITT *vs.* STEVEN D. ROBBINS & another. February 15, 1974. This bill in equity, to which the defendants' demurrers were sustained in the Superior Court, was brought to vacate a nonsuit for failure to answer interrogatories entered in a tort action brought by the plaintiff against these defendants for injuries she received as a passenger in an automobile owned and driven by one defendant, the other being the company which insured the vehicle. We need not consider the appropriateness of a bill in equity to accomplish the result desired by the plaintiff because, as asserted in the demurrers, the bill fails to state facts sufficient to warrant relief. The essence of the bill's allegations is that the insurance company continued to negotiate the plaintiff's claim for more than two years after she had been nonsuited before apprising her attorney of that fact. The bill contains no allegation that her counsel did not receive notice of the nonsuit from the court after it was entered. See G. L. c. 231, § 64, as amended by St. 1966, c. 432. Even if he did not, there was no obligation on the defendants' part to notify him of that fact. Although, as was observed in a similar case, "common decency and fair dealing might dictate a different course of action" (*Jackson* v. *Arooth,* 359 Mass. 721, 724 [1971]), no legal obligation rested on the company to notify the plaintiff of the nonsuit. See *Nichols* v. *Pope,* 287 Mass. 244, 247 (1934). There are no allegations of fraud and the facts alleged are an insufficient basis for concluding that misrepresentations were made by the company or that its pattern of dealing with the plaintiff's counsel was fraudulent. *Jackson* v. *Arooth, supra,* at 724. The interlocutory decree

sustaining the demurrers and the final decree dismissing the bill are affirmed.

*So ordered.*

*Steven I. Cohen* for the plaintiff.
*William K. Mone* for the defendants.