**Gail McCUMISKEY**
vs.
**Paul STEVENS**

No. 130387

Superior Court
Commonwealth of Massachusetts

**October 16, 1981**

**Rudin, Herzog, Gladstone,** counsel for plaintiff.
**Robert E. Neville,** counsel for defendant.

**Rulings, Orders and Memorandum of Decision on the Plaintiff's Motion to Amend Complaint and on the Defendant's Motion to Dismiss**

## Introduction and Facts

On August 20, 1977 the plaintiff Gail McCumiskey was a passenger in an automobile owned by her when that automobile and an automobile owned and operated by another person collided on that portion of Route 9 situated in the Town of Wellesley. McCumiskey was injured in that accident. In March, 1978 McCumiskey obtained counsel to make a claim for damages to compensate her for her injuries and provided to counsel a copy of a "Police Report of Motor Vehicle Accident" which identified one "Paul R. Stevens" as the owner and operator of the automobile on August 20, 1977. McCumiskey's counsel was unsuccessful in determining the whereabouts of "Paul R. Stevens" and, after commencing this action against him by a complaint filed April 4, 1980, obtained substituted service upon him pursuant to G.L.c. 90 by serving the complaint upon the Registrar of Motor Vehicles of January 13, 1981. In an affidavit filed with this court on February 4, 1981, with a copy thereof to McCumiskey's counsel, a Registry of Motor Vehicles Hearings Officer indicated that a copy of the process served upon the Registrar had been forwarded to the last address known of the Registry of one "Paul Stephans, Jr." The true name of the person whose automobile collided with McCumiskey's automobile was and is Paul Stephans, Jr. and he died on September 4, 1978 with one Terresa Stephans being appointed administratrix of his estate and having her bond therefor being approved on September 17, 1979. McCumiskey's motion to amend complaint seeks to add as defendants "Paul Stephans and Terresa Stephans, Administratrix of the Estate of Paul Stephans." The defendant's counsel has moved to dismiss "pursuant to Rules 12(b)(2), 12(b)(5) and 12(b)(6)."

## Rulings, Orders and Memorandum of Decision

McCumiskey's motion to amend complaint is ordered denied because Paul Stephans is deceased and an action cannot be maintained against him and because the running of the applicable statute of limitations precludes an action against Terresa Stephans, administratrix of the estate of Paul Stephans. Accordingly, the defendant's motion to dismiss is ordered allowed.

The statute of limitations for a personal injury tort action is three years. G.L.c. 260, § 2A. Where either a plaintiff or a defendant dies within the applicable limitations period, the action survives. G.L.c. 228, § 1. Pursuant to G.L.c. 260, § 10, however, the action must be brought against the executor or administrator in accordance with the limitations provided in Chapter 197. Section 9 of that chapter requires that action be commenced within nine months after the executor of administrator gives bond, and that the executor or administrator be served in hand before the expiration of the period.

Terresa Stephans gave bond September 17, 1979, as her husband's administratrix. The nine-month limitation period therefore expired June 17, 1980. During that period, McCumiskey filed her complaint against Paul Stevens," but was not aware of the defendant's proper name, his death, nor the existence of his administratrix; thus she was not able to obtain timely service in accordance with § 9.

McCumiskey argues that the amendment to her complaint which she now seeks should relate back to the time of commencement of her action. Although the amendment provisions under Mass. R. Civ. P. 15(c) are liberal, Reporters' Notes - Mass. R. Civ. P. - 1973 and cases cited, they do not help the plaintiff here. **Chandler v. Dunlop**, 311 Mass. 1 (1942), is on point. In **Chandler**, as in this case, the intended defendant had died at the time the plaintiff attempted to commence her action for personal injuries. "No acion," said the Court, "was brought at the date of the writ. The only person therein named as defendant was dead. Though the cause of action survived his death, obviously he could not be sued thereon after his death." **Id.** at 5. "The action," the Court continued, "might

have been brought against the administratrix of the person named in the writ as defendant. (citation omitted) However, she was not so named, nor was she served." **Id.** The plaintiff could only hope to amend her complaint to name the administratrix, but as in this action, the statute of limitations had run. Concluding that the attempted suit against the decendant was a nullity, the Court held that the administratrix could not be belatedly named as defendant. "(A)n action not previously commenced against anybody (cannot), by amendment, be revived against a new defendant as of the date of a writ originally made out and entered in court in the circumstances of the present case." **Id.** at 9.

The recent case of **Touzin v. Smith,** 6 Mass. App. Ct. 641 (1978), cites **Chandler** for that proposition. In **Touzin,** by contrast, the plaintiff was permitted to amend her complaint to name the executrix of a deceased defendant after the expiration of the period mandated in G.L.c. 197, § 9. The Court distinguished **Chandler,** for in **Touzin** there were two other defendants named in the original complaint. There was thus a valid action in existence at the time of the amendment to which the executrix could be made a party. **Id.** at 645. Service, in **Touzin,** was made on the Registry of Motor Vehicles under G.L.c. 90, § 3D, the method which the plaintiff in this action eventually used. This form of service, the Court held, satisfied the notice requirement of c. 197, § 9, (unless the executrix could show prejudice), because the remedial purpose of c. 90, § 3D was to relieve plaintiffs of the burden of serching beyond the Registry records and of ascertaining the fact of death. **Id.** at 646. Such service thus "is intended to be sufficient service on and notification to the executor or administrator, for the records will obviously not include the name and address of the executor or administrator." **Id.**

**Touzin** suggests that if the plaintiff in the action had served "Paul Stevens" at the Registry of Motor Vehicles in April,

1980, at the time her complaint was filed, she could maintain her action. Her suit would have been timely commenced as to the original cause of action as well as the requirements of c. 197 § 9, and her error as to the defendant's name would be overcome with the help of c. 90, § 3D. Under the present circumstances, however, her motion to amend should be denied, as there is at present no viable lawsuit in existence to be amended.

Counsel cited § 9A of G.L.c. 197, which permits actions to be commenced later than the nine-month period, provided that any resulting judgment be satisfied only from insurance proceeds. Actions within this section, however, must be commenced within three years after the accural of the cause of action. McCumiskey is thus barred from bringing a new suit under § 9A; the three year period beginning with the 1977 accident expired August 20, 1980.

Relief might be available to the plaintiff under c. 197, § 10, which provides for equitable relief where the Supreme Judicial Court "deems that justice and equity require it and that (plaintiff) is not chargeable with culpable neglect...." Cases brought under this section apparently go in every direction and are difficult to reconcile. Many are collected in Newhall, **Settlement of Estates,** § 192, including several in which plaintiff's ignorance of the death of an intended defendant was not grounds for relief. In one recent case, however, and immigrant was permitted to maintain a quantum meruit action under this section where the trial judge's findings as to the diligence of plaintiff's attorney were not clearly erroneous. **Hastoupis v. Gargas,** Mass. App. Adv. Sh. (1980) 43. As counsel for the defendants pointed out, **Jackson v. Arooth,** 359 Mass. 721 (1971) holds that decedent's representative has no affirmative duty to advise plaintiff of the death, and his failure to do so does not afford grounds cited this section, and there is no motion for relief thereunder pending here.

**Paul G. Garrity, Justice**