Lenhoff, J.
The Plaintiff s complaint sets forth a tort claim seeking recovery for property damage to his motor vehicle alleged to have been caused by the Defendant’s decedent. Said complaint was filed June 11,1982 with service made on September 14, 1982.
On or about October 4, 1982, the Defendant filed a Motion for Summary Judgment stating therein as the grounds therefor that the Plaintiff’s complaint was barred by the Statute of Limitations.
After hearing on November 3, 1982, the trial court allowed said motion and judgment was entered accordingly.
The Plaintiff, being aggrieved by the entered judgment for the Defendant, seeks determination of his grievance by this tribunal.
At the hearing, there was evidence tending to show that the accident resulting in property damage to the Plaintiffs motor vehicle occurred on October 2,1979. As a result of said accident, the Defendant’s decedent died. At the time of said accident, the Plaintiffs vehicle was operated by one Gail Coumoyer.
There was also evidence that on November 30,1980 Laura E. Brecht, widow of the late Herbert Brecht, petitioned the Hampden County Probate Court for the allowance of her late husband’s will; and, having given her bond on January 22, 1980 allowed by said Court, she was appointed Executrix of the Defendant decedent’s estate.
In addition to the foregoing, there was evidence indicating that each vehicle involved in the accident was insured; that the Plaintiffs insurer paid him property damage under his collision coverage thereby being subrogated to his claim against the Defendant’s decedent; that said insurer made claim therefor on the Defendant decedent’s insurance carrier; that the matter went to arbitration because the Defendant decedent’s insurer refused payment unless the owner of the tavern where said Defendant decedent was served intoxicating beverages prior to the accident contributed 50% of the damages claimed by the Plaintiff; that because the tavern’s owner was not a signatory as were the involved insurers to the arbitration agreement, one insurer objected and the arbitration board decided it could not hear the matter under its rule and no hearing was held; *78 and, on June 8, 1982, the Plaintiffs insurer engaged an attorney to pursue its subrogated property damage claim.
G.L.c. 197, §9, so far as is here material, provides as follows:
An executor.shall not be held to answer to an action by a creditor of the deceased unless (a) the claim is presented within four months from the time of his giving bond.or (6) unless such action is commenced within nine months after the executor.gives bond for the performance of his trust.whichever is later.
In the light of the stated statutory language, simple calculation indicates that action had to be commenced within nine months of January 22, 1980 or on or before October 21,1980. As the action was instituted on June 11,1982, it is clear that more than a year and eight months had elapsed after it had been barred by the short Statute of Limitations.
Recognizing the significance of the barring aspects of said Section 9, the Plaintiffs counsel urges that same is not applicable to motor vehicle property damage claims covered by insurance. He urges that “action by a creditor of the deceased” should be construed to refer only to actions asserting claims that would have to be paid by the executor out of estate assets and not to claims to be paid from the insurance proceeds. He argues that the verbiage “action by a creditor of the deceased” in said §9 shows a legislative intent that G.L.c. 197, §9 is to expedite the settlement of estates by making distribution to the heirs after payment of all estate liabilities; and, that the purpose of said §9 would in no wise be thwarted or impaired where liability insurance proceeds are concerned, which proceeds are not distributable estate assets.
In the case of Jackson v. Arooth, 359 Mass. 721 (1971), the short Statute of Limitations was held to bar a motor vehicle accident bodily injury claim where the decedent had insurance coverage therefor. In Segal v. Switzer, 305 Mass. 27, 29 (1940), the Court said: “No doubt a tort claimant is a ‘creditor’ within G.L. (Ter. Ed.)c. 197, §10, as well as within §9 ....” Also, see Noyes v Shea, 312 Mass. 32, 35 (1942).
Subsequent to the decision in Jackson v. Arooth, supra, the General Court enacted Chapter 298, of the Acts of 1972, adding Section 9A[2] to G.L.c. 197. Same sets forth an exception to the provisions of G.L.c. 197, §9 and enables an action for personal injuries or death to be commenced against a decedent up to three years next after the cause of action accrued in cases where the judgment obtained may be satisfied from the proceeds of an insurance policy and not from the general assets of the estate.
We believe that the result sought by the Plaintiff possesses much merit from a policy standpoint. Had the verbiage of said Section 9A included property damage, the problem presented would not exist. However, property damage having not been included therein can only be interpreted to be excluded therefrom.
We reject the Plaintiff s request for a favorable determination to eliminate all actions in which liability insurance proceeds are concerned as not having been intended to be within the purview of said G.L.c. 197, §9. We hold same to be a legislative matter rightfully in the domain of the General Court. It is there where the remedy the Plaintiff here seeks can be addressed for future like situations. *79 Hence, we decline to trespass on the power and authority vested by the constitution of the Commonwealth in the legislative branch of our government.
Consequently, we conclude that the trial court correctly allowed the Defendant’s Motion for Summary Judgment. Therefore, we find no prejudicial error and affirm judgment.
Report dismissed.

 G.L.c. 197, §9A reads as follows: — “Notwithstanding the provisions of section nine, an action for personal injuries or death, if commenced more than nine months from the time of the giving of bond by an executor or administrator, may be brought against said executor or administrator, provided that such action is commenced within three years next after the cause of action accrues, and provided further that any judgment recovered in any action so brought may be satisfied only from the proceeds of a policy of insurance or bond, if any, and not from the general assets of the estate.”