Town of Milton vs. Alexander H. Ladd, Jr., & others.[1]

Norfolk. November 2, 1964. — April 6, 1965.

Present: Wilkins, C.J., Spalding, Whittemore, Kirk, & Reardon, JJ.

Taxation, Real estate tax: exemption; Void tax. The Trustees of Reservations. Corporation, Charitable corporation. Charity. Real Property, Ownership. Executor and Administrator, Real estate of decedent. Land Court, Foreclosure of tax title, Appeal.

Under G. L. c. 231, §§ 96, 142; c. 185, § 15, a decision of the Land Court in favor of the petitioner in a proceeding to foreclose a tax title might properly be brought to this court by the respondent by appeal. [762–763]

A taxpayer owning no taxable real estate in a town and having a remedy under G. L. c. 60, § 98, to recover a void tax assessed upon exempt real estate of his in the town may assert essentially the same remedy as a defence in a proceeding by the town to foreclose a tax title acquired on such exempt real estate on the basis of the void tax. [763–764]

A charitable corporation, a devisee of real estate under the will of one who died in December and whose will was allowed after January 1 of the ensuing year, acquired title to the real estate as of the time of testator's death, and as the owner in fact, although not of record, on January 1 of the ensuing year was entitled to assert exemption of the real estate from a tax for that year assessed under G. L. c. 59, § 11, to the testator as the owner "appearing of record" on January 1, "even though deceased." [764–765]

Under St. 1891, c. 352, § 3, real estate acquired by The Trustees of Reservations in December was exempt from local taxation in the ensuing year. [766]

Petition to foreclose a tax title filed in the Land Court on December 29, 1961.

The case was heard by Cotton, J.

Herbert P. Gleason (Laurence M. Channing with him) for The Trustees of Reservations.

John J. Murray, Town Counsel, for the petitioner.

Reardon, J. This is an appeal under G. L. c. 231, §§ 96,

[1] John N. Worcester and The Trustees of Reservations.

142, by the Trustees of Reservations[2] (the corporation) from a decision of the Land Court that the town of Milton (the town) made a valid taking of the title to the locus for nonpayment of taxes for the year 1957, and that the town was entitled to a decree foreclosing all rights of redemption subject to terms for redemption by the corporation as may be determined by the Land Court. The case is properly before us. *Boston* v. *Lynch,* 304 Mass. 272, 273–274.

The locus, consisting of land and buildings with furnishings, at 224 Adams Street, Milton, was owned by Henry Lillie Pierce (Pierce) until his death on December 25, 1956. By will dated June 13, 1955, filed on January 2, 1957, and allowed on January 30, 1957, Pierce devised the locus to the corporation on condition that the gift be accepted within six months after his death. The corporation voted to accept the devise on March 12, 1957.

Taxes for the year 1957, assessed to Pierce, were not paid. On December 28, 1958, the town's collector of taxes made a taking under G. L. c. 60, §§ 53, 54. The instrument of taking was recorded on December 29, 1958, and the petition to foreclose was filed on December 29, 1961.

The town and the corporation have agreed that the locus is exempt "from taxation by the Town of Milton for all years subsequent to 1957." It is not disputed for present purposes that the corporation is a "charitable organization" within the meaning of G. L. c. 59, § 5, Third. The sole question presented is whether the locus is exempt from taxation for the year 1957. Since the record does not indicate otherwise, and since the trial judge considered on the merits whether the locus was exempt, we assume that the corporation owned no other taxable real estate in Milton in 1957. Therefore the corporation could claim the exemption by redeeming the land and then seeking to recover the redemption payment in a proceeding under G. L. c. 60, § 98.

[2] The Trustees of Reservations, whose name was changed in 1954 under the provisions of G. L. c. 180, § 11, from the Trustees of Public Reservations, is a charitable corporation established by St. 1891, c. 352, "for the purpose of acquiring, holding, arranging, maintaining and opening to the public . . . beautiful and historical places and tracts of land within this Commonwealth."

To avoid circuity of action, it could assert this remedy by way of defence in a foreclosure proceeding. *Norwood* v. *Norwood Civic Assn.* 340 Mass. 518, 524.

The tax on the locus for the year 1957 was properly assessed to Pierce, even though on January 1, 1957, he was deceased. G. L. c. 59, § 11.[3] Real estate taxes are assessed annually as of a fixed day, and the assessment must, under the statute, be levied on January 1 (here 1957), on the person or persons designated by the statute (G. L. c. 59, § 11). *Irving Usen Co. Inc.* v. *Assessors of Boston,* 309 Mass. 544, 545–546, and cases cited.

The assessment of the taxes to the person defined in the statute, however, does not determine the person upon whom the burden of paying the tax may ultimately fall. One who is the owner in fact of the real estate holds it subject to a lien for the payment of the tax, irrespective of the person to whom the tax is assessed, though the person to whom it is assessed is primarily liable therefor. *Boston* v. *Quincy Mkt. Cold Storage & Warehouse Co.* 312 Mass. 638, 644–645, and cases cited.

By operation of law, on January 1, 1957, the corporation was the owner in fact, although not the owner of record, of the locus. Upon the allowance of Pierce's will, title to the locus passed directly to the corporation as the devisee under the will, and related back to December 25, 1956, the date of Pierce's death. *Daley* v. *Daley,* 300 Mass. 17, 21–22, and cases cited. Newhall, Settlement of Estates (4th ed.) § 86, p. 285. In contemplation of law, then, on January 1, 1957, the corporation had legal title to and the whole beneficial interest in the locus. In consequence, the burden of paying the tax falls on the corporation.

An examination of G. L. c. 59, § 5, Third, reveals that the exemption is given to land occupied and used by a charity for its charitable purposes, even though the land is "held

---

[3] "Taxes on real estate shall be assessed, in the town where it lies, to the person who is the owner on January first, and the person appearing of record, . . . as owner on January first, even though deceased, shall be held to be the true owner."

in trust . . . or by another charitable organization.'' Thus the statute focuses on the occupation and use rather than the record title as determinative of whether particular real estate should be exempt. Since the ultimate burden of the tax would fall on the corporation in the case before us, the corporation may assert the claimed exemption. See *Assessors of Boston* v. *Jakes,* 341 Mass 136, 138.

An exemption from taxation is a privilege. It is not to be recognized unless it is shown that the privilege of exemption is conferred either by the express words or the necessary implication of some statute. *Animal Rescue League of Boston* v. *Assessors of Bourne,* 310 Mass. 330, 332, and cases cited. A statute granting exemption is to be strictly construed. The burden of proof is upon the one claiming the exemption to show clearly and unequivocally that he comes within the terms of the exemption. *Boston Chamber of Commerce* v. *Assessors of Boston,* 315 Mass. 712, 716. *State Tax Commn.* v. *Blinder,* 336 Mass. 698, 703.

The usual charitable organization claiming exemption would be subject to the limitations contained in G. L. c. 59, § 5.[4] The corporation now before us, however, in the light of its stated purpose (see fn. 2) stands in a different, and perhaps unique, situation. Section 3 of St. 1891, c. 352, provides that ''all lands which . . . [the corporation] may cause to be opened and kept open to the public, and all lands which it may acquire and hold with this object in view, shall be exempt from taxation, in the same manner and to the same extent as the property of . . . charitable . . . institutions . . . is now exempt by law; but no lands so acquired and held and not opened to the public shall be so exempt from taxation for a longer period than two years.'' The exemption statute as then worded (St. 1888, c. 158) differed in no material respect from G. L. c. 59, § 5. Each

---

[4] Section 5 reads, in part, ''The following property . . . shall be exempt from taxation: . . . Third, . . . real estate owned by . . . a charitable organization and occupied by it . . . for the purposes for which it is organized . . .; and real estate purchased by a charitable organization with the purpose of removal thereto, until such removal, but not for more than two years after such purchase.'' See *Wheaton College* v. *Norton,* 232 Mass. 141.

provides an exemption, limited to two years, for real estate acquired by a charity with the purpose of "removal thereto."

We read § 3 of St. 1891, c. 352, to provide a somewhat broader exemption for the corporation than would be available under the general exemption statute. The words of § 3 are admittedly subject to a narrow interpretation to the effect that the clause, "but no lands so acquired and held and not opened to the public shall be so exempt from taxation for a longer period than two years," would impose a further limitation on the corporation, in addition to the limitations imposed on charitable institutions by the exemption statute. However, we think a more reasonable approach to § 3 is to read it as recognizing implicitly that the corporation does not "remove" to new land when it is acquired and may not "occupy" it immediately but that the purpose of the exemption applies nonetheless to land which will, within two years, be opened to the public.

This is the opinion of a majority of the court.

The decision is reversed. A decree is to enter dismissing the petition.

*So ordered.*