MAURICE A. PELLETIER vs. ANNE M. CHOUINARD.

No. 88-P-234.

Essex. February 10, 1989. — March 6, 1989.

Present: BROWN, DREBEN, & FINE, JJ.

*Survival of Action. Limitations, Statute of. Attorney at Law,* Malpractice. *Negligence,* Attorney at law.

A malpractice claim brought against a deceased attorney's sole heir by a former client of the attorney was barred by the one-year limitation period of G. L. c. 197, § 29, where the client's cause of action accrued, that is, he suffered "appreciable harm," upon the expenditure of additional attorneys' fees and expenses required to ameliorate the harm caused by the deceased attorney's alleged error, more than one year before the present complaint was filed. [94-95]

General Laws c. 197, § 9A, providing that "an action for personal injury or death" may be brought against an estate's executor or administrator if commenced within three years of the accrual of the cause of action and so long as any judgment recovered may be satisfied from the proceeds of an insurance policy, had no application to a claim which involved neither personal injury nor death, and where no action was brought against the administrator of the alleged tortfeasor's estate. [95-96]

CIVIL ACTION commenced in the Superior Court Department on November 19, 1986.

The case was heard by *Richard S. Kelley,* J., on a motion for summary judgment.

*Judith A. Wolfe* for the plaintiff.

*Nicholas P. Alexander* for the defendant.

FINE, J.  Maurice A. Pelletier brought this action against Anne M. Chouinard alleging legal malpractice on the part of her deceased husband, Maurice A. Chouinard. A claim alleging legal malpractice survives the death of the alleged wrongdoer. See *McStowe* v. *Bornstein,* 377 Mass. 804, 808 (1979). Anne M. Chouinard is the sole heir of Maurice A. Chouinard, who

died on June 2, 1978. His estate was settled, and the first and final account was allowed by the Probate Court, on July 8, 1985.

The plaintiff brought the present action on November 19, 1986, seeking recovery under G. L. c. 197, §§ 28 and 29. Section 28, in relevant part, provides: "After the settlement of an estate . . . the heirs . . . of the deceased shall be liable in the manner provided in the following sections for all debts for which actions could not have been brought against the executor or administrator . . . ." Section 29, in relevant part, provides: "A creditor whose right of action accrues after the . . . [limitations period for claims against the estate has expired] and whose claim could not legally be presented to the probate court, or whose claim, if presented, has not been allowed, may, by action commenced within one year next after the time when such right of action accrues, recover such claim against the heirs and next of kin of the deceased . . . ." A Superior Court judge allowed Mrs. Chouinard's motion for summary judgment on the ground that the claim was not for a "debt" within the meaning of the statute. We affirm the judgment, but on a different ground. Whether or not the claim was for a "debt,"[1] it was untimely.

The right to recover from an heir based upon an obligation of the deceased is entirely statutory, and the applicable statutes are strictly construed. See Newhall, Settlement of Estates § 196, at 582 (1958). See also Lombard, Probate Law and Practice § 298 (1962). Pelletier's claim falls outside the scope of

---

[1] It is not clear that the word "debt" in the statute has its usual meaning, that is, limited to clearly defined, legally matured, obligations, and excluding unadjudicated tort claims. The term "creditor" in G. L. c. 197, § 9, for example, "has been given a broad and comprehensive meaning and includes one having a claim not only in contract but also in tort against the estate . . . ." *New England Trust Co.* v. *Spaulding,* 310 Mass. 424, 429-430 (1941). See also *Noyes* v. *Shea,* 312 Mass. 32, 35 (1942); Newhall, Settlement of Estates § 190, at 557 n.1 (1958) (pointing out that the use of the word "creditor" in chapter 197 dates back to a time when only contract obligations survived). Compare Mass. Gen. Laws Ann. c. 197, introductory comment at 344 (West 1958).

the statutes as it was not brought within one year after the time it accrued.[2]

1. *The claim was barred by the one-year limitation period in G. L. c. 197, § 29.*

To determine when Pelletier's cause of action accrued, we first examine the nature of the claim and the timing of the relevant events, based on the documents before the judge on the motion for summary judgment. In his complaint, Pelletier alleges that Mr. Chouinard represented him in divorce proceedings between 1974 and 1977 and that in 1974 Mr. Chouinard negligently prepared a deed, from Pelletier's former wife to Pelletier, omitting mention of certain property which should have been included. Pelletier alleges further that he learned of the attorney's negligence and his injury on or about February 26, 1986. Pelletier had filed an earlier complaint against the estate on July 26, 1985, however, in which he alleged that he learned of Mr. Chouinard's negligence, and the fact that he had been injured by that negligence, on or about September 2, 1982. That action had been dismissed because, when it was filed on July 26, 1985, the estate had been settled.

This discrepancy in the dates when Pelletier claims he first obtained knowledge of the negligence and the injury relates to

---

[2] We need not reach the question whether the claim was also barred under G. L. c. 197, § 28, because of the plaintiff's failure to bring it under G. L. c. 197, § 13. That section, as appearing in St. 1976, c. 515, § 18, provides: "A creditor of the deceased, whose right of action shall not accrue within the time fixed for presentation of claims [or any extensions thereof], . . . may present his claim to the probate court at any time before the estate is fully administered; and if, upon examination thereof, the court shall find that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same. . . ." The object of proceedings under section 13 is not to enable a creditor (including a tort claimant, see note 1, *supra*) to collect a claim or to determine its validity or amount, "but simply to extend the time within which otherwise . . . it would be barred." *Converse* v. *Nichols,* 202 Mass. 270, 276 (1909). If the plaintiff had the right to avail himself of the provision in section 13, a question we do not decide, and neglected to do so, he cannot later maintain an action against an heir. See *Pratt* v. *Lamson,* 128 Mass. 528, 530 (1880); *Bassett* v. *Drew,* 176 Mass. 141, 145 (1900); *Thompson* v. *Owen,* 249 Mass. 229, 233-234 (1924). Cf. *Cantor* v. *Newton,* 4 Mass. App. Ct. 686, 693-696 (1976).

a complaint he had filed in the Probate Court against his former wife in an effort to have the allegedly faulty deed reformed. A judge of the Probate Court dismissed the complaint for reformation with prejudice on February 26, 1986, after a trial on the merits. This accounts for Pelletier's contention in the present action and in this appeal that his claim did not accrue until February 26, 1986, when he lost his bid in the Probate Court to have the negligently prepared deed reformed.

It is true, as he asserts, that the suffering of actual damages is an element of the tort of legal malpractice. *Fall River Sav. Bank* v. *Callahan*, 18 Mass. App. Ct. 76, 81 (1984). Compare *Hendrickson* v. *Sears*, 365 Mass. 83, 91 (1974) (question whether claim accrues in absence of showing of appreciable harm left unanswered). For a claim to accrue, however, the claimant need not have knowledge of the full extent of his damages. See *Olsen* v. *Bell Tel. Labs., Inc.*, 388 Mass. 171, 175 (1983); *Cantu* v. *St. Paul Cos.*, 401 Mass. 53, 56-57 (1987); *Salin* v. *Shalgian*, 18 Mass. App. Ct. 467, 470 (1984).

Pelletier suffered an actual loss, or appreciable harm, long before he lost his case for reformation in February, 1986. Even if it was not certain that the loss was measured by the value of the real estate he failed to receive under the deed, it was measured at least by the additional attorneys' fees and expenses required to ameliorate the harm caused by Mr. Chouinard's alleged error. See *Cantu* v. *St. Paul Cos.*, 401 Mass. at 57-58; *Levin* v. *Berley*, 728 F.2d 551, 554 (1st Cir. 1984). According to an affidavit filed by Pelletier, "the matter of the land was put on trial in January of 1985." He thus had suffered appreciable harm as a result of the allegedly faulty deeds by that time. This means that his claim accrued no later than January of 1985, more than one year before the present complaint was filed in November of 1986. Pelletier's claim against Mr. Chouinard's heir, therefore, was barred by the one-year limitation period of G. L. c. 197, § 29.

2. *Inapplicability of G. L. c. 197, § 9A.*

Pelletier draws our attention to the fact that a malpractice insurance policy covering claims against Mr. Chouinard might be available to cover the claim, and that the Legislature has

indicated a policy favoring recovery on such claims out of available insurance proceeds. General Laws c. 197, § 9A, as amended through St. 1974, c. 234, provides that "an action for personal injury or death" may be brought against an estate's executor or administrator if commenced within three years of the cause of action's accrual and so long as any judgment recovered may be satisfied from the proceeds of an insurance policy. However sensible the legislative policy underlying section 9A may be, that section has no application to the present case as the claim involves neither personal injury nor death and as no action was brought against the administrator of the estate.

*Judgment affirmed.*