Merrick, J.
This is an action by the plaintiff law firm, as assignee of the rights of the buyers of a condominium, to recover real estate taxes from defendant Lorraine Kaitz (“Kaitz”), the seller in the transaction.
The case was submitted to the trial judge on a stipulation of the uncontroverted material facts and documents and constituted, therefore, a case stated. Rogers v. Attorney General, 347 Mass. 126, 130 (1964). In an action submitted on a case stated, requests for rulings of law have no standing. Eastern Restaurant Equip. Co. v. Tecci, 347 Mass. 148, 150 (1964). The duty of the trial judge is to order the correct judgment on the facts. Western Mass. Theatres, Inc. v. Liberty Mut. Ins. Co., 354 Mass. 655, 657 (1968). Upon objection to an order for judgment on a case stated, the duty of an appellate court is to order the correct judgment. Saphier v. Devonshire St. Fund, Inc., 352 Mass. 683, 684 (1967).
According to the case stated reported to us, defendant Kaitz sold the condominium in question to one Shane in 1985, taking back a purchase money second mortgage. On May 17, 1989, Kaitz accepted a quitclaim deed of the property from Shane in lieu of foreclosure.[1] Pursuant to a purchase and sale agreement dated March 7, 1991, Kaitz conveyed the condominium to Robert J. and Penny Kates (“the buyers”) on April 30,1991 by a quitclaim deed dated April 25,1991.
The plaintiff law firm represented the mortgage lender at the closing on April 30,1991. The plaintiff had been unable to obtain a written municipal lien certificate from the City of Newton prior to the closing, and elected to proceed upon an oral assurance from a city employee that there were no liens for back taxes on the *146 property. Unknown to any of the parties, including Kaitz, was the fact that real estate taxes for the second half of fiscal year 1989, which had been assessed to Shane on January 1, 1988 and due from him on May 1, 1989, remained unpaid. When a municipal lien certificate revealed this fact two weeks after the closing, the plaintiff law firm attempted unsuccessfully to collect the taxes from Kaitz.
Thereafter, the plaintiff law firm paid the taxes and obtained from the buyers an assignment of all their rights to recover the taxes from Kaitz. The plaintiff brought this action alleging that Kaitz had a duty to pay the taxes under the covenants of the deed and the purchase and sale agreement. Judgment was entered for the plaintiff in the total amount of the taxes, interest and penalties, and Kaitz now appeals the trial court’s judgment.
1. Kaitz conveyed the property to the buyer by means of a Quitclaim Deed which recited that it was “with Quitclaim Covenants.” Such deed and covenants warrant, as to title only, that the properly is free from encumbrances “made” by the seller. G.L.c. 183, §§11 and 17.[2]
Real estate taxes are assessed annually as of a fixed date, and are the primary obligation of the record owner. Milton v. Ladd, 348 Mass. 762, 764 (1965). At the time of the assessment of the taxes in question herein, Shane was the record owner of the condominium. However, unpaid taxes remain a lien upon the property. Subsequent owners of the property hold it subject to this lien, regardless of the person to whom the taxes were originally assessed. Id. Thus as a practical matter, the burden of paying the real estate taxes may fall upon a subsequent owner who wishes to prevent a tax taking. Id.
Although the taxes are a lien upon the property, they are not a lien “made” by the seller, Kaitz, so as to bring them within the quitclaim covenants. Silverblatt v. Livadas, 340 Mass. 474, 480 (1960). To the extent that a real estate tax lien may be said to have been “made” by any prior grantor, it would have been “made” by the person to whom the taxes were assessed. Id. at 481. The plaintiffs assignor, the buyers, had no right, therefore, to recover for any breach by Kaitz of a quitclaim deed.
2. The plaintiff also relies on two provisions of the purchase and sale agreement. The first required Kaitz to convey title “free from encumbrances.” However, paragraph number 13 of the agreement also provided that acceptance of the deed discharged all obligations under the agreement except those which, by their terms, were embodied in the deed and were to be performed after its delivery. This provision of the purchase and sale agreement was consistent with the common law on the subject. Pybus v. Grasso, 317 Mass. 716, 717 (1945).
Second, the plaintiff points to paragraph 17 of the agreement, entitled “Adjustments,” which provided for the apportionment of common expenses for the current month and “real estate taxes for the then current tax period.” Paragraph number 17 must be read, however, in conjunction with the following paragraph number 18, which was entitled “Adjustment of Unassessed and Unabated Taxes” and stated, in pertinent part:
If the amount of said taxes is not known at the tíme of delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding year, with a reapportionment as soon as the new tax rate and valuation can be ascertained;... [emphasis supplied].
It is clear from paragraph 18 that paragraph number 17 affords no basis for recovery by the plaintiff against Kaitz in this action. The language of paragraph 17 plainly refers to undetermined taxes for the then current 1991 fiscal year, not to *147 overlooked back taxes from prior years.
The judgment for the plaintiff is hereby reversed, and judgment is to be entered for the defendant, Lorraine Kaitz.
So ordered.

It would serve no useful purpose to set forth details of the participation of the spouses of Kaitz and Shane in some earlier transactions concerning the property. At the time of the conveyance involved in this action, Kaitz was the sole owner of the condominium.

Section 22 of G.L.c. 184, upon which the plaintiff has erroneously relied, applies only to covenants that a property is free from all encumbrances. Such covenants are warranty rather than quitclaim covenants.