Ball, J.
BACKGROUND
This action arises out of environmental contamination of a parcel of land owned by Arden T. Thompson (“Thompson”), now deceased. Thompson purchased a one-half acre parcel of land in 1972 and leased it to various manufacturing concerns. The land ultimately became contaminated with pollutants and infected a nearby stream with dangerous carcinogens. After investigation, the Commonwealth filed a complaint against Arden T. Thompson and others on July 12, 1996, seeking recovery of cleanup costs incurred in connection with the site at issue.
On August 6, 1996, while this litigation was proceeding, Arden Thompson died. His last will and testament appointed Maria V. Thompson and Timothy B. Thompson as executors of his estate. Clause Eight of the will devises the site in question to trustees under an indenture of revokable trust; the trustees named are Maria and Timothy Thompson.
The dispute between the parties involved in this motion, the Commonwealth and the two surviving Thompsons as executors of the estate, rests upon who or what entity should be strictly liable for the costs of cleanup. The plaintiff Commonwealth moves for summary judgment, contending that the Thompson estate is properly named the owner of the site and that it is strictly liable for cleanup costs. In other words, the Commonwealth posits that Thompson’s executors stand in the shoes of Arden T. Thompson for liability purposes here.
Defendants, the executors of the Thompson estate, cross-move for summary judgment, claiming that the Thompson executors do not own the land, the title having passed directly to the trust. Accordingly, defendants claim that the estate should not be strictly liable for the costs of the cleanup since the estate does not legally own the property.[1]
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating *310 an essential element of the non-moving party’s case or by showing that the non-moving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourovacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Defendants contend that the Thompson estate is not liable for the costs of cleanup under the complaint as it currently stands, naming them as present “owners.” Defendants point to the well-settled principle that when a person dies testate, title to real estate passes directly to the devisee without passing through the decedent’s estate. E.g., Town of Milton v. Ladd, 348 Mass. 762, 764 (1965); Dailey v. Dailey, 300 Mass. 17, 21 (1938); McCarthy v. Landry, 42 Mass.App.Ct. 488 (1997). Since Thompson’s land was willed directly to a trust, it passed outside the estate. As a result, defendants conclude that the obligation to pay the costs of the cleanup traveled with the land obviating such obligation on the part of the estate.
The interaction of the well-settled principles of will devisement and environmental remediation is problematic. Whenever a parcel of land passes from one parly to another due to the death of the initial owner, the estate could avoid costs of environmental cleanup by leaving the land outside the confines of the estate. This transfer might thwart the ability of the Commonwealth to attach liability due solely to the death of the original owner. See Sheehy v. Lipton Industries, Inc., 24 Mass.App.Ct. 188, 197 (1987) (“[T)he Act prohibits successive owners from avoiding their responsibilities for cleanup by artful language in sales agreements or deeds”). See also G.L.c. 2-E, §5(f) (“No . . . conveyance shall be effective to transfer from the owner ... of any . . . site . . . [liability] for a . . . release of hazardous material . . .”}.
The Commonwealth offers a solution to the problem by pointing to analogous provisions in the Comprehensive Environmental Response, Compensation, and Liability Act (“CERCLA”), 42 U.S.C. §§9601 et seq. (1988), as a guide. “Some courts hold the estate liable under a ‘trust fund theory’ in which the beneficiary or estate is deemed to hold the assets received from the liable party’s estate in trust for the benefit of satisfying the environmental liabilities of the deceased, responsible person.” United States v. Martell, 887 F.Supp. 1183, 1188 (N.D. Ind. 1995). See also North Carolina ex rel. Howes v. Peele, 876 F.Supp. 733, 743 (E.D.N.C. 1995) (“Where the decedent would be liable were he alive, the plaintiff should be allowed to look [to] the decedent’s assets, in the hands of the estate or the estate’s beneficiaries, to satisfy that liability”); Steego Corp. v. Ravenal, 830 F.Supp. 42, 49 (D. Mass. 1993). The attachment of the estate in this fashion is common. “[T]he vast majority of courts allow environmental claims to proceed against a decedent responsible party’s estate with little or no comment.” Martell, 887 F.Supp. at 1188.
This court adopts this approach. Attaching liability to the estate permits the Commonwealth to further the primary purposes of the statute which is to “improve the Commonwealth’s capability to respond to environmental contamination and to recover response costs from persons responsible for the contamination.” Guaranty- First Trust Co., v. Textron, Inc., 416 Mass. 332, 335 (1993). Permitting liability to attach to the estate prohibits the denial of access to a person’s assets merely by the transfer of the estate upon death. Martell provides more compelling reasons:
First of all, the Estate is only liable to the extent of the decedent’s remaining assets. Second, the Estate never would have had access to such assets in the first place if [the decedent] had lived and was required to pay back the Government for its response costs. To allow the Estate to escape liability, would be granting a windfall to [the decedent’s] beneficiaries.
Martell, 887 F.Supp. at 1188.
Defendants’ arguments against the application of the trust fund theory must fail. Contrary to defendants’ contention, the determination of who is “owner” occurs when the suit is commenced, not at some later stage. See United States v. Fleet Factors Corp., 901 F.2d 1550, 1554 (11th Cir. 1990), cert. denied, 498 U.S. 1046 (1991).[2] Further, defendants have shown no relevant departure in Massachusetts law from CERCLA to require this Court to ignore CERCLA analysis as an appropriate analog. Acme Laundry Co. v. Secretary of Environmental Affairs, 410 Mass. 760, 770 (1991) (where federal provision is “significantly different” than Massachusetts law, reference to the federal statute is improper). Accordingly, this court applies the trust fund theory in the instant case and concludes that the Commonwealth may access Arden Thompson’s estate to recoup costs of the environmental cleanup.
ORDER
This court ORDERS that the defendants’ motion for summary judgment be DENIED and the plaintiffs motion for partial summary judgment be GRANTED.

 The defendant executors may be held liable for cleanup costs under G.L.c. 21E, §5(a)(2) as past owner. The difference is that no strict liability attaches in that circumstance; the Commonwealth must meet its burden to show that Arden Thompson was the owner at the time of the contamination for liability to attach. At argument, the Commonwealth stated that it would have little difficulty meeting this burden.

 Defendants argue that Fleet Factors is no longer useful precedent because of recent federal enactments nullifying the decision. Congressional action regarding the existence of a secured lender/fiduciary exception to liability does not effect our limited use of Fleet Factors here. The Commonwealth merely points to the decision, as do I, for the reasonable proposition that ownership is determined at the time suit is filed and not later. Changes effecting unrelated issues are thus irrelevant.