Hely, J.
A. Introduction
This case involves Chapter 2 IE and indemnity claims against the beneficiaries of the estate of a deceased man who operated a contaminated dry-cleaning business site before his death. G.L.c. 21E permits claims against a decedent’s estate if the estate is an operator of a release site. The statute does not authorize claims directly against the beneficiaries of the estate. Claims directly against the beneficiaries of an estate are governed by G.L.c. 197, Sec. 28 and 29. In this case the Chapter 2IE and indemnity claims against the beneficiaries are barred by the one-year time limit in G.L.c. 197, Sec. 29. The DeOliveiras’ motion for summary judgment is allowed primarily for the reasons economically stated in their Memorandum of Law, page 4 (bottom half) through page 6.
The court will assume that an estate or trust could be lawfully treated as an owner or operator of a site under G.L.c. 2 IE even before the 1992 amendment that added explicit language to that effect. G. c. 2IE, Sec. 2; St. 1992, c. 133, Sec. 274.
The parties have submitted uncontested additional facts beyond the pleadings, and the motion will be treated as a motion for summary judgment. The facts material to the claims against the beneficiaries are undisputed.
B. The Chapter 2IE Claim Against the DeOliveiras
Theodore Mailloux operated a dry-cleaning business on Acushnet Avenue in New Bedford between 1946 and his death on July 29, 1985. Mr. Mailloux rented the site; he never owned the land. The executor of Mailloux’s estate, Roger Stanford, continued to operate the dry-cleaning business at the same site until January 7, 1987.
Gary F. Curran bought the dry-cleaning business (not the land) from the executor of the Mailloux estate on January 7, 1987. Mr. Curran rented the site from the landowner, Steven P. Bigos, and he continued to operate a dry-cleaning business at the site. Curran alleges that hazardous materials were released into the soil and groundwater at the site during the years that Mailloux and his estate operated the business.
Count II of Curran’s amended third party complaint alleges a Chapter 2IE claim against Mailloux’s grandchildren, Robert and Lori DeOliveira. Curran alleges in Count II that the DeOliveiras, as beneficiaries of Mailloux’s estate, are liable to Curran for damages under G.L.c. 21E, Sec. 4, 4A, 5 and 15, because Mailloux and his executor operated the site when hazardous releases occurred.
The DeOliveiras themselves were never owners or operators of the site as those crucial terms are defined in G.L.c. 21E, sec 2. After Mailloux died in 1985, the executor of his estate operated the business until he sold it to Curran on January 7, 1987. Sometime after the sale of the business, the remaining assets of the estate (personal property and an unrelated piece of real estate) passed under the terms of Mailloux’s will to a trust that he created before his death. The estate was settled in October, 1994. The DeOliveiras are the beneficiaries of the trust. The trust assets were later distributed to the DeOliveiras under the terms of the trust.
If Curran had a valid Chapter 21E claim against the DeOliveiras, the claim would be governed by the three year statute of limitations in G.L.c. 21E, Sec. 11A(2). Curran can have no valid Chapter 2IE claim against the DeOliveiras, however, because the DeOliveiras have never been owners or operators of the site under G.L.c. 2 IE, Sec. 2. Under the current version of Section 2, an “estate or trust of which the site or vessel was a part” can be an owner or operator, and a “fiduciary” in some circumstances can also be an owner or operator. The terms of Chapter 2 IE do not make a person an owner or operator based on a person’s status as a beneficiary of an estate of an operator.[1]
Curran’s Chapter 2 IE claim in Count II is really an attempt to create a form of derivative liability against beneficiaries of a deceased person’s estate based solely on the fact that the trust created for their benefit inherited some assets from a man who was an operator of a contaminated site before his death. The statutory framework of Chapter 2IE provides no basis for this type of direct claim against a beneficiary. Whatever claim Curran may have had against Mailloux, his estate or the executor of the estate, Chapter 2 IE gives him no direct claim against the beneficiaries.
To the extent that it is based on Mailloux’s operation of the site, Curran’s Chapter 2 IE claim against the DeOliveiras could be treated as a claim against the deceased Mailloux. For such a claim Curran would be a “creditor” of the deceased. See Pelletier v. Chouinard, 27 Mass.App.Ct. 92, 92 n. 1 (1989). In certain limited situations, a creditor of a deceased person can bring an action directly against the heirs, next of kin, devi-sees and legatees of the deceased under G.L.c. 197, Sec. 28 and 29. A claim against the DeOlveiras as beneficiaries under G.L.c. 197, Sec. 29, however, is subject to the one-year limitations period in that section, not the three-year limitations period in G.L.c. 21E. Sec. 11A(2).
*674 The claim against Mailloux may have been a Chapter 2IE claim, but the claim against the beneficiaries of Mailloux’s estate can only exist as a claim under G.L.c. 197, Sec. 29. “The right to recover from an heir based upon an obligation of the deceased is entirely statutory, and the applicable statutes are strictly construed.” Pelletier v. Chuinard, 27 Mass.App.Ct. at 93. If a creditor of a deceased qualifies for an action against the beneficiaries of an estate under G.L.c. 197, Sec. 29, the creditor must commence his action against them “within one year next after the time when such right of action accrues.” G.L.c. 197, Sec. 29.
The undisputed Statement of Material Facts establishes that Curran was put on notice of the Chapter 2IE claim by the owner of the site (Bigos) on August 24, 1995. Curran’s knowledge that he had sustained a contamination loss based on Mailloux’s operation of the business is further shown, without dispute, by Curran’s November 6, 1995, demand upon the executor of Mailloux’s estate. Curran’s possible right of action against the beneficiaries of the estate accrued no later than that date.
The complaint in this case (Bigos’ complaint) was entered on July 25, 1997. If Curran’s third-party claim against the DeOliveiras relates back and is treated as having been entered on July 25, 1997, it is too late. Curran knew that he had been harmed by Mailloux’s operation of the business for more than one year before the entry of this action on July 27, 1997. Pelletier v. Chouinard, 27 Mass.App.Ct. 92 (1989).
While in some cases, federal law may preempt state statutes of limitations for claims brought under the federal CERCLA statute, the federal cases have no effect on whether and when a state cause of action can be brought directly against the beneficiaries of an estate. See Steego Corp. v. Ravenal, 830 F.Supp. 42 (D.Mass. 1993). The Superior Court opinion in Commonwealth v. Thompson, Suffolk 96-3887G, 7 Mass. L. Rptr. 309 (June 18, 1997), does not address any statute of limitations issue. In this case Curran has no Chapter 2IE claim directly against the beneficiaries, and any possible statutory claim against them under G.L.c. 197, Sec. 29, is time barred.
C. The Indemnity Claim Against the DeOliveiras
As part of the sale of the dry-cleaning business in January 1987, the executor of Mailloux’s estate entered into an indemnity agreement with Curran agreeing to indemnify him for any claims arising from Mailloux’s operation of the business before the date of the sale. Count III of Curran’s amended third-party complaint claims that the DeOliveiras, as beneficiaries of the estate and the trust are liable to Curran under the indemnification agreement up to the value of the assets they received from the estate.
The DeOliveiras’ Memorandum correctly points out that the claim based on the indemnification contract with the executor is a claim against the estate that is enforceable against the decedent’s personal representative, the executor. See Department of Public Welfare v. Anderson, 377 Mass. 23, 28-29 (1979). A claim against the estate through the executor would be barred by the one-year time limit in G.L.c. 260, Sec. 11. The only possible legal basis for bringing the indemnity claim directly against the beneficiaries would be under G.L. 197, Sec. 28 and 29. As with the Chapter 2IE claim, Curran knew that he had sustained a contamination loss that would warrant an indemnity claim by at least November 6, 1995, the date of his demand upon the executor of Mailloux’s estate. Curran’s indemnity right of action accrued more than one year before the entry of this action. Any indemnity claim directly against the beneficiaries is time barred by the one-year limit in G.L.c. 197, Sec. 29.
D. Order
Summary judgment will enter dismissing the claims against Robert DeOliveira and Lori DeOliveria in the First Amended Third-Party Complaint of Gary F. Curran.

 The provisions in Section 2 relating to a fiduciary as owner or operator state that nothing in the definition of assets of an estate or trust “shall affect the liability, responsibilities, or rights of a . . . beneficiary of an estate or trust, or of any person other than a fiduciary acting solely in his representative capacity, pursuant to this chapter or any other law.”