IN THE MATTER OF THE ESTATE OF M. PATRICIA GRABOWSKI
(and a companion case[1]).

Worcester. Suffolk. April 5, 2005. - July 21, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Minor,* Statute of limitations. *Lead poisoning. Jurisdiction,* Equitable. *Negli-gence,* Attorney at law. *Practice, Civil,* Statute of limitations. *Executor and Administrator,* Claims against estate.

Justice and equity required this court to recognize, under G. L. c. 260, § 10, a claim brought by a minor through his mother and next friend against a certain estate based on lead paint poisoning the minor suffered when he resided at property the decedent owned, despite the expiration of the one-year statute of limitations on such claims, where the claim was meritorious and the estate had not shown prejudice from the delay in filing [718-720], and where the minor could not be charged with culpable neglect for the mother's attorney's failure to file a claim against the estate within one year pursuant to G. L. c. 197, § 9, in that the attorney had sent a timely demand letter to the estate, which misinformed the attorney concerning the status of the administratrix's application for appointment and lulled the attorney into the belief that the administratrix, once appointed, would be willing to settle the claim [720-722]; accordingly, this court remanded the matter to the Probate and Family Court for a determination of damages [722-723].

PETITION filed in the Worcester Division of the Probate and Family Court Department on April 4, 2003.

A motion to dismiss a petition to establish an unliquidated claim, filed on November 21, 2003, was heard by *Ronald W. King,* J.

The Supreme Judicial Court granted a request for direct appellate review.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 15, 2004.

The case was reported by *Greaney,* J.

*David E. Hoyt* for Scott Rochette.

*Mark I. Zarrow* for Jacquelyn O. Whitcomb.

---

[1]Scott Rochette, by his mother and next friend Tammy Rochette, *vs.* Jacquelyn O. Whitcomb, administratrix of the estate of M. Patricia Grabowski.

IRELAND, J. Scott Rochette, through his mother and next friend, filed a claim against the estate of M. Patricia Grabowski (decedent) after the one-year statute of limitations on such claims had passed. G. L. c. 197, § 9. The petitioner filed his claim pursuant to G. L. c. 197, § 13, arguing that, because he was a minor, the statute of limitations tolled the accrual of his claim against the estate. G. L. c. 260, § 7. A Probate and Family Court judge granted the administratrix's motion to dismiss the claim. The petitioner appealed and we granted a joint application for direct appellate review. The petitioner also filed a bill in equity in the county court pursuant to G. L. c. 260, § 10, claiming that justice and equity required that his claim be allowed to go forward and that he was not chargeable with culpable neglect. The parties submitted a statement of agreed facts to a single justice, who reserved and reported the bill in equity to the full court. Because we conclude that the petitioner's claim should be allowed to proceed pursuant to G. L. c. 197, § 10, we remand the matter to the single justice, who is directed to issue an order granting the petition in part and remanding the case to the Probate and Family Court for a determination of the amount owed to the petitioner.

*Facts and procedural background.* The petitioner was born in Worcester in 1996, and resided at property owned by the decedent[2] from birth at least through August, 2004.[3] In September, 1998, the premises were inspected and found to be in violation of State law requiring premises with young children to be lead free (G. L. c. 111, § 197), regulations for lead poisoning prevention and control (105 Code Mass. Regs. §§ 460.00 [2001]), and the State sanitary code. The violations were found to present a material danger to the occupants, constituting an emergency, and the premises were ordered to be deleaded by early December, 1998. Nevertheless, the premises were not deleaded until October 18, 1999.

On June 30, 2002, the decedent died. Her will left her entire

---

[2]The decedent owned the property with her husband until his death on December 9, 2001. He left his entire estate to the decedent. Although the petitioner also filed a claim against the husband's estate, we shall refer only to the claim against the decedent's estate.

[3]The record is not clear whether the petitioner still resides there.

estate to her deceased husband and made no provision for his predeceasing her.

When he filed his claim in the Probate Court, the petitioner submitted evidence of his injuries and losses, including two evaluations. In the first evaluation, the petitioner was determined to suffer "significant delays in language processing, verbal memory, difficulty in attention and output due to lead poisoning sustained in his home, which will require many interventions in the classroom and home, and which will affect him vocationally and economically."[4] The second evaluation determined the present value of his economic loss due to the lead poisoning and "resulting vocational loss" to be $927,841.

The petitioner's attorney presented a letter of demand to the decedent's attorney on December 19, 2002, concerning the petitioner's damages from lead poisoning. Through counsel, the decedent's attorney, who would eventually be appointed the estate's administratrix, responded to the petitioner by a letter dated February 18, 2003.[5] The letter stated that the decedent's attorney had petitioned to be appointed administratrix of the estates of the decedent and her late husband. The record shows that the petition for appointment was not actually filed until April 4, 2003. The letter referenced other letters the petitioner's attorney had sent to the decedent's attorney. It also stated that once the decedent's attorney was appointed administratrix, she would be willing to enter into negotiations concerning the petitioner's claim. The letter requested additional medical information and asked the petitioner's attorney to contact counsel to discuss the matter. At oral argument, the petitioner's attorney stated that there was no further communication from the administratrix until September, 2003 (discussed *infra*), and the record does not indicate otherwise.

The decedent's attorney was appointed administratrix on May 23, 2003, approximately five weeks before the expiration of the one-year statute of limitations on claims against the estate.

[4]It appears from the record that the petitioner's blood test results, dated February 24, 1997, through October 11, 2001, were sent to the Department of Public Health's childhood lead poisoning prevention program.

[5]The decedent's attorney had been serving as guardian to both the decedent and her husband before their deaths.

G. L. c. 197, § 9. However, the petitioner's attorney did not file a claim against the estate before June 30, 2003. Instead, the petitioner's attorney wrote letters to the administratrix's attorney in July and September, 2003. The administratrix's attorney responded by a letter, dated September 15, 2003, stating that the petitioner's claim was barred by the statute of limitations pursuant to G. L. c. 197, § 9, and that the estate would make no offer to him. Moreover, the insurance policy for the premises contained a lead poisoning exclusion, thus foreclosing a remedy for the petitioner pursuant to G. L. c. 197, § 9A.

On November 21, 2003, the petitioner filed a claim against the decedent's estate under G. L. c. 197, § 13,[6] arguing that because he was a minor, his claim had not accrued within the one-year statute of limitations. G. L. c. 260, § 7.[7] A Probate Court judge granted the administratrix's motion to dismiss the claim on the ground that the one-year statute of limitations had passed. He rejected the petitioner's arguments concerning the tolling of the claim under G. L. c. 260, § 7. He also stated that, even if the tolling statute did apply, the petitioner's claim accrued when "a reasonable seven-year old child, in the Plaintiff's position, would have been put on notice that the Defendant's negligence caused . . . [his] speech and learning disabilities." The judge found that the petitioner's claim accrued when the petitioner's attorney sent a letter to "the administrator" of the estate of the decedent's husband, presenting the petitioner's claim. The petitioner appealed from the judge's ruling and also filed a bill in equity pursuant to G. L. c. 197, § 10.

*Discussion.* We decide this case pursuant to G. L. c. 197, § 10. Because § 10 is the proper remedy for the circumstances of this case, we need not address whether the judge erred in

---

[6]General Laws c. 197, § 13, allows a creditor whose right of action has not accrued within "one year after the date of death of the deceased" to present his claim to the Probate Court any time before the estate is settled.

The petitioner's tort claim qualifies him as a creditor of the estate. See *Pelletier* v. *Chouinard*, 27 Mass. App. Ct. 92, 93 n.1 (1989), quoting *New England Trust Co.* v. *Spaulding*, 310 Mass. 424, 429-430 (1941).

[7]General Laws c. 260, § 7, tolls the accrual of an action by a minor or an individual incapacitated by mental illness until the disability is removed.

denying the petitioner's claim under § 13 as an alternative remedy.[8]

General Laws c. 197, § 9, contains a short statute of limitations to facilitate the prompt settlement of estates. *Downey* v. *Union Trust Co.*, 312 Mass. 405, 408 (1942). However, G. L. c. 197, § 10, is a remedy available to a creditor who fails to bring a claim against an estate within the time prescribed but who nevertheless shows both that justice and equity require recognition of a meritorious claim and that failure to bring the claim was not due to carelessness or lack of diligence. *Id.* at 408-409. See *Hastoupis* v. *Gargas*, 9 Mass. App. Ct. 27, 32 (1980) (G. L. c. 197, § 10, not confined to cases of fraud, accident, or mistake); *Mullins* v. *Garthwait*, 875 F. Supp. 14, 19-20 (D. Mass. 1994). Accordingly, we must determine whether justice and equity require this court to allow the petitioner's claim to go forward and whether the petitioner is chargeable with culpable neglect.

*Justice and equity.* The decedent's property, where the petitioner lived from birth,[9] was in violation of the statutes and regulations concerning lead-based paint. The violations were not remedied until over one year after an order issued to do so. The applicable statute imposes strict liability for damage caused by the presence of lead-based paint if a young child resides on the premises. *Bencosme* v. *Kokoras*, 400 Mass. 40, 43-44 (1987) (discussing strict liability imposed by G. L. c. 111, §§ 194, 197, 199). As discussed, the parties agree that the petitioner has presented evidence of injury from his exposure to lead poisoning and evidence of the economic and vocational losses. Because the administratrix filed a motion to dismiss,[10] the record does not

---

[8]General Laws c. 197, § 10, states in relevant part:

"If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by section nine, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect . . . it may give him judgment for the amount of his claim against the estate . . . but such judgment shall not affect any payment or distribution made before the filing of such bill and notice."

[9]The mother was pregnant with the petitioner when she moved into the premises.

[10]Although the administratrix stated that the motion to dismiss was based

reveal whether the administratrix will offer any defenses to the petitioner's claim against the estate. This fact, however, does not affect our conclusion that the claim itself is meritorious, leaving aside the statute of limitations issue. See generally *Parker* v. *D'Avolio*, 40 Mass. App. Ct. 394, 398-399 (1996) (discussing defense of causation and damages concerning lead poisoning). See also *Nader* v. *Citron*, 372 Mass. 96, 97-98 (1977), quoting *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957) (allowance of motion to dismiss for failure to state a claim should be upheld only where, taking allegation in complaint as true, plaintiff could prove no facts in support of his claim).

In addition, the estate has not shown prejudice. The administratrix's only argument, which is addressed below, is that the petitioner had notice of the decedent's death and that carelessness or lack of diligence was the reason the petitioner did not file a claim against the estate within the one-year statute of limitations. However, the petitioner's attorney made a demand on the decedent's attorney by letter dated December 19, 2002, thus putting the estate on notice of the claim at least by that date. See *Mullins* v. *Garthwait*, 875 F. Supp. 14, 21 n.10 (D. Mass. 1994) (estate not harmed where executor knew claim would be brought). The parties also agree that, in a letter sent in February, 2003, the administratrix's attorney told the petitioner's attorney that the administratrix had not yet been appointed, but when she was, she would be willing to undertake negotiations. As discussed, however, the record shows that the administratrix did not file her petition for administration until April, 2003. Furthermore, there is no insurance to cover the petitioner's injuries. Given these facts, we conclude that the petitioner has a meritorious claim that justice and equity require us to recognize. *Downey* v. *Union Trust Co.*, *supra* at 409. We now turn to whether the petitioner is chargeable with culpable neglect.

*Culpable neglect.* The administratrix argues that the carelessness or lack of diligence by the petitioner's attorney creates culpable neglect on the part of the petitioner. However, we

on lack of subject matter jurisdiction (Mass. R. Civ. P. 12 [b] [1], 365 Mass. 754 [1974]) and the statute of limitations, it is more properly characterized as a motion to dismiss based on a failure to state a claim on which relief can be granted (Mass. R. Civ. P. 12 [b] [6], 365 Mass. 754 [1974]) due to the statute of limitations and the inapplicability of G. L. c. 197, § 13.

conclude that, in these circumstances, the petitioner cannot be charged with culpable neglect. In *Hastoupis* v. *Gargas*, *supra* at 29-31, a decedent's will did not reflect his oral promise to the plaintiff to leave him one-half of the decedent's estate in return for performing services. The plaintiff, who spoke limited English and had little formal education, sought advice from an experienced and respected member of the bar who failed to file suit against the estate within the statute of limitations. The court held that the plaintiff was not chargeable with culpable neglect. It further held that where the plaintiff's attorney misunderstood or misinterpreted the salient provisions of G. L. c. 197, § 9, there was no culpable neglect, and his conduct was not attributable to the client creditor. *Id.* at 32-34. Agency principles (which might operate to make an attorney's neglect attributable to the client as principal) do not apply to G. L. c. 197, § 10. See *id.* at 31.

The circumstances in this case are even more compelling than in the *Hastoupis* case. Here, the petitioner is a minor who has suffered lead poisoning, a condition covered by a statute with strict liability. At this time, he is dependent on his mother to take appropriate action on his behalf. There is no insurance available to cover his injuries. In addition, there is no evidence that the petitioner's mother, who filed the claim on the petitioner's behalf, did not act in good faith, and the administratrix has not argued otherwise. The petitioner's mother is a woman of limited education, having dropped out of school while repeating the ninth grade. She apparently sought the advice of counsel, whom the parties agree has been practicing law in Massachusetts since 1975. The attorney sent the December, 2002, demand letter to the administratrix. Moreover, the estate was thus on notice concerning this claim, misinformed the petitioner's attorney concerning the status of the administratrix's application for appointment, and lulled the petitioner's counsel into the belief that the administratrix, once appointed, would be willing to settle the claim.

In the *Hastoupis* case, the attorney missed the statute of limitations, yet the court did not hold the client chargeable with culpable neglect because "many a well intentioned lawyer has felt the pricks of the statute's brambles." *Hastoupis* v. *Gargas*,

*supra* at 34 (affirming grant of relief under G. L. c. 197, § 10, after attorney failed to file suit until after the statute of limitations had expired). See *Downey* v. *Union Trust Co., supra* at 408. Here, the petitioner's attorney sent the demand letter of December, 2002, putting the estate on notice of the petitioner's claim and eliciting a promise to negotiate after being appointed. Although we express no opinion on the ultimate merits of the theory, it also was understandable for the attorney to assume that G. L. c. 260, § 7, tolled the statute of limitations, thereby allowing the petitioner to file a claim under G. L. c. 197, § 13. See *Hastoupis* v. *Gargas, supra.* See also *O'Brien* v. *Massachusetts Bay Transp. Auth.*, 405 Mass. 439, 442 (1989) (tolling of G. L. c. 260, § 7, applies to special statute of limitations, where Legislature did not intend to adopt a shortened statute of limitations for special statute and the statute itself is silent as to tolling period); *Harrigan* v. *Marvell*, 325 Mass. 185, 189 (1950) (plaintiff and her attorney acting in good faith in seeking issuance of citation to prosecute action they believed had merit).

In these circumstances, it would be unjust to charge the petitioner with culpable neglect for the mother's attorney's failure to file a claim against the estate within one year. G. L. c. 197, § 9.

*Damages.* General Laws c. 197, § 10, gives this court the authority to award a judgment in the amount of a creditor's claim from the assets not yet distributed from the estate at the time the bill in equity was filed. On this record, we do not know what assets, if any, have been distributed.[11] In addition,

---

[11]In his brief, the petitioner claims that the assets have not been distributed and that the parties agreed to freeze them. In his brief and at oral argument, counsel for the administratrix stated that the estate's only asset is real estate and that, by operation of law, the assets of the estate have been distributed. In one submission to the Probate Court, the petitioner's attorney stated that, on information and belief, the estate consisted of two parcels of real estate. For the purposes of this opinion, we assume that the assets have not been "distributed." The record is scant, showing only that on October 15, 2004, the administratrix filed her first account, indicating that the estate had a balance of $282,802.12, which may include the real estate. See G. L. c. 206, §§ 1, 2. See also *Buffinton* v. *Mason*, 327 Mass. 195, 201 (1951) (balance of residue descends to heirs subject to the payment of debts, taxes, and administration expenses); *Dudley* v. *Dudley*, 300 Mass. 270, 272 (1938), citing G. L. (Ter. Ed.) c. 202, §§ 1-20.

although the parties stipulated that the petitioner has presented evidence of damages, there is nothing in the record that shows whether the administratrix agrees with the petitioner's figure or will offer some defense. Therefore, these issues need to be resolved by the Probate and Family Court.

*Conclusion.* For the reasons stated, we conclude that justice and equity require that the petitioner's claim go forward. Accordingly, the petition under G. L. c. 197, § 10, is granted in part, and the case is remanded to the county court where an order will issue remanding the matter to the Probate and Family Court for a determination of the amount owed to the petitioner and further proceedings consistent with this opinion.

*So ordered.*