Salinger, Kenneth W., J.
1. Background
Plaintiff William L. Waldo claims that (a) from May 1, 2005, to April 24, 2011, he worked full time for the Town of Brookline, (b) throughout this period the Town failed to pay all of his “duly earned wages, overtime wages, and other benefits,” including “proper contributions to Social Security [and] retirement,” and (c) in March 2011, after learning that Waldo planned to claim unpaid wages and benefits, the Town unlawfully retaliated against Waldo by reducing his work schedule to less than 19.5 hours per week so that he would no longer qualify for benefits as a full-time employee. Waldo asserts statutory claims under G.L.c. 149, §§148 et seq., and G.L.c. 151, §1 et seq. (the “Wage Statutes”). He also asserts common-law claims for breach of contract, quantum meruit, and unjust enrichment. Waldo originally filed this case on August 25, 2011, in Suffolk County, where it was docketed as SUCV2011-03106. The case was transferred to Norfolk County and docketed as NOCV2012-00943.
The Town argues that Waldo’s claim under the Wage Statutes for back pay and benefits for pay periods ending more than three years before Waldo filed this lawsuit are barred by the applicable statute of limitations, G.L.c. 148, §150. The Town has moved to dismiss that portion of Count I. It does not seek dismissal of the common-law claims in Counts I through III or the statutory retaliation claim in Count IV. Although the Town stated that it was moving to dismiss part of Count I for lack of subject matter jurisdiction, its request to dismiss claims barred by the applicable statute of limitations “is more properly characterized as a motion to dismiss based on a failure to state a claim on which relief can be granted.” In the Matter of the Estate of Grabowski, 444 Mass. 715, 719 n.10 (2005). The Court will therefore construe the motion as seeking dismissal under Mass.R.Civ.P. 12(b)(6).
2. Discussion
Mr. Waldo’s statutory claims for non-payment of wages and benefits are barred to the extent they accrued more than three years before he filed suit, i.e. before August 25, 2008. The Legislature imposed a three-year limitations period on claims under the Wage Statutes. By law, “[a]ny employee claiming to be aggrieved by a violation of’ the statutes upon which Waldo relies may, “within three years of such violation, institute and prosecute in his own name and on his own behalf ... a civil action for injunctive relief and any damages incurred, including treble damages for loss of wages and other benefits”; if successful the employee shall recover also costs and reasonable attorneys fees. G.L.c. 148, §150.
To the extent that an employee’s pay violates the Wage Statutes, a new violation occurs each pay period. Thus a new three-year limitations period begins to run with each unlawful pay check. Claims based on pay checks issued more than three years before Waldo filed suit are therefore barred by §150.
There is no merit to Waldo’s argument that, because §150 authorizes suits “for any lost wages and other benefits,” the statute imposes no time limitation on the award of damages under the Wage Statutes so long as suit is brought within three years of at least one unlawful paycheck. In essence, Waldo is asking the Court to read §150 as allowing him to proceed on a “continuing violation” theory and to seek damages outside the usual statute of limitations period “if the alleged events are part of an ongoing pattern oF of unlawful conduct “and there is a discrete violation within the ... limitations period to anchor the earlier claims.” Cf. Cuddyer v. Stop & Shop Supermkt Co., 434 Mass. 521, 532 (2001). The continuing violation doctrine applies to claims challenging a course of conduct that as a whole amounts to unlawful discrimination but that does not involve discrete, acts each of which is unlawful standing alone. Silvestris v. Tantasqua Reg. School Dist., 446 Mass. 756, 768-69 (2006). But that doctrine is inapplicable here. Here, as in Silvestris, any non-retaliatory violation of the Wage Statutes “can be identified on .examination of individual paychecks, rather than on the evaluation of ongoing wrongful conduct.” Id, 446 Mass. at 769 (holding claims that wages violated Massachusetts Equal Pay Act, G.L.c. 149, §105A, are not subject to continuing violation doctrine). Because Waldo’s claims under the Wage Statutes in Count I are based on discrete acts involving the alleged non-payment of wages and benefits owed for each pay period, he cannot seek damages for pay periods for which he was paid more than three years before he filed suit.
ORDER
After hearing and consideration of the parties’ written submissions, Defendant’s motion to dismiss a *308 portion of the complaint is ALLOWED. So much of Count I alleging that the Town violated G.L.c. 149, §148 et seq., or G.L.c. 151, §§1 et seq., with respect to wages or benefits paid to Plaintiff before August 25, 2008, is hereby DISMISSED.